OPINION
{¶ 1} Appellant Rebecca Schwartz appeals the decision of the Perry County Court which denied her motion to suppress the Horizontal Gaze Nystagmus ("HGN") test results and denied her the right to cross-examine the arresting officer concerning the manner in which he administered the HGN tests. The following facts give rise to this appeal.
 {¶ 2} On November 1, 2000, appellant was charged with operating a motor vehicle while under the influence of alcohol and/or drugs, in violation of R.C. 4511.19(A)(1); operating a motor vehicle with a prohibited alcohol concentration, in violation of R.C. 4511.19(A)(3); failing to wear seatbelt, in violation of R.C. 4513.263; and driving left of center, in violation of R.C. 4511.25. Appellant entered a not guilty plea, at her arraignment, on November 7, 2000.
 {¶ 3} On December 12, 2000, appellant filed a motion to suppress the results of the BAC and field sobriety tests. In her motion, appellant alleged the officer who stopped her did not have probable cause to require her to submit to the BAC test and the officer failed to strictly comply with the standardized procedures required for the administration of the HGN tests. The trial court held a hearing on appellant's motion. In a February 2, 2001 judgment entry, the trial court denied appellant's motion to suppress without giving its reasons for doing so.
 {¶ 4} This matter proceeded to a jury trial on April 27, 2001. On this same day, the jury found appellant guilty of operating a motor vehicle while under the influence of alcohol and/or drugs and operating a motor vehicle with a prohibited alcohol concentration. The trial court also found appellant guilty of failing to wear a seatbelt and driving left of center. In a judgment entry filed May 11, 2001, the trial court sentenced appellant to sixty days in jail on each count of DUI, but suspended 52 of the days and placed appellant on probation for a period of two years.
 {¶ 5} On May 11, 2001, appellant filed a notice of appeal. On February 7, 2002, the Court reversed the trial court's judgment of conviction and remanded the case with the following instruction: "The judgment of the Perry County Court is reversed. This cause is remanded to that court with instructions to state findings of fact on the record in relation to the motion to suppress. In addition, the sentences are vacated. In the event that there is no further appeal following the court stating findings related to the motion to suppress, the court is instructed to re-sentence appellant on only one of the two convictions."State v. Schwartz, Perry App. No. 01-CA-9, 2002-Ohio-516.
 {¶ 6} The trial court issued findings of fact relative to appellant's motion to suppress on March 20, 2002. Thereafter, appellant timely appealed the trial court's newly issued findings of fact. However, we again remanded the case, to the trial court, for want of jurisdiction. We instructed the trial court "* * * to reenter its convictions and sentences on the minor misdemeanor offenses and reenter conviction and sentence on one of the two DUI convictions pursuant to R.C. 2941.25." State v. Schwartz, Perry App. No. 02CA8, 2002-Ohio-5973.
 {¶ 7} Upon remand, the trial court sentenced appellant, on the finding of guilt, under R.C. 4511.19(A)(3). Appellant filed her notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. The trial court erred by denying appellant's motion to suppress evidence regarding the horizontal gaze nystagmus test.
 {¶ 9} "II. The trial court violated appellant's Sixth Amendment right to confrontation by denying appellant's counsel the opportunity to cross examine the officer concerning the horizontal gaze nystagmus test."
 I {¶ 10} In her First Assignment of Error, appellant maintains the trial court erred by denying her motion to suppress evidence concerning the HGN tests. We disagree.
 {¶ 11} Appellant contends the state failed to introduce either the National Highway Traffic Safety Administration Manual or any testing from the officer that establishes the officer administered the HGN tests in strict compliance with those procedures as required by State v. Homan,89 Ohio St.3d 421, 2000-Ohio-212. Therefore, appellant contends the trial court should have suppressed the results of the HGN tests.
 {¶ 12} We will not address the merits of this assignment of error because the record indicates appellant failed to file a transcript of the suppression hearing. Further, the record contains no other documents from which we can determine the officer improperly administered the HGN tests. In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, the Ohio Supreme Court stated:
 {¶ 13} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Id. at 199.
 {¶ 14} In light of appellant's failure to file a transcript of the suppression hearing, we find appellant has failed to sustain her burden of showing error in the trial court's decision to deny her motion to suppress the results of the HGN tests. Further, the trial court's Findings of Fact, on remand, indicate the HGN tests were conducted pursuant to the Highway Traffic Safety Manual.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II {¶ 16} Appellant maintains, in her Second Assignment of Error, the trial court erred when it denied her the right to cross-examine the arresting officer regarding the administration of the HGN tests. We disagree and find this assignment of error moot.
 {¶ 17} As noted, in the statement of facts, on the most recent remand of this matter, we ordered the trial court to reenter conviction and sentence appellant on one of the two DUI convictions pursuant to R.C. 2941.25. The trial court followed our directive and sentenced appellant under the conviction for violation of R.C. 4511.19(A)(3), which prohibits the operation of a motor vehicle with a breath alcohol content greater than ten one hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath.
 {¶ 18} Although the evidence of a violation under R.C. 4511.19(A)(3) may aid in the finding of guilt for a violation of R.C. 4511.19(A)(1), the reverse is not true. The issue of the administration of the HGN tests is irrelevant as it pertains to a prosecution under R.C. 4511.19(A)(1) and would only be relevant as it relates to probable cause for the arrest.
 {¶ 19} Appellant's Second Assignment of Error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the County Court, Perry County, Ohio, is hereby affirmed.
Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Perry County, Ohio, is affirmed. Costs assessed to Appellant.