OPINION
{¶ 1} Appellant, Marlene E. Shamrock, appeals from an April 20, 2004 judgment of the Trumbull County Court of Common Pleas, Probate Division. Appellant appeals the trial court's granting of a motion to liquidate the assets of a savings account of her spouse, Paul Shamrock ("Paul"), in favor of appellee, Randil J. Rudloff, administrator of the estate of Mary Cheroka, deceased ("estate").
 {¶ 2} By way of background, on April 7, 2003, the trial court filed a judgment entry in which appellant was found guilty of concealing assets belonging to the estate, and was further found responsible for causing financial losses to the estate, while acting in a fiduciary capacity under an alleged power of attorney. The judgment entry awarded appellee the sum of $190,391, plus interest at ten percent, and costs. Immediately upon the entry of the April 7, 2003 judgment, appellee recovered the sum of $37,500 from a third party, and an additional $50,000 was paid by appellant and Paul. In the judgment entry, appellant agreed to a repayment schedule of $5,000 per month until April 2004, totaling the sum of $75,583, in addition to the money already paid on appellant's obligation. Appellee agreed to accept the payments in full satisfaction of the amount due and owing pursuant to the judgment entry. Payments were to be made to appellee on or before the first day of each month. The judgment entry stated: "* * * time being of the essence, and an absolute condition hereof, * * * but in the event said defendant Marlene E. Shamrock fails to make any such payment heretofore scheduled, or fails to make it on or before the date due, then the full amount of the judgment as heretofore entered, less any credits granted, plus interest at 10% per annum, shall be due and owing * * *."
 {¶ 3} In the judgment entry, appellant's husband, Paul, pledged his Delphi Personal Savings Plan to further secure appellant's obligation to pay the judgment against her. The judgment entry provided: "[Paul], shall and does hereby pledge to the Mary Cheroka estate, to guarantee the performance of [appellant] under this judgment all * * * right title and interest in and to that certain Delphi Personal Savings Plan * * *."
 {¶ 4} On February 11, 2004, appellee filed a motion seeking an order to liquidate and deduct from Paul's Delphi Personal Savings Account, the sum of $79,256.27, representing the principal and interest due and owing on the judgment entry of April 7, 2003. Appellee asserted that appellant had failed to make "timely payments" as agreed, under the judgment entry. Thus, appellee was seeking to enforce the guarantor clause of the judgment entry of April 7, 2003.
 {¶ 5} On April 20, 2004, the trial court entered judgment in favor of appellee and ordered the liquidation of Paul's Delphi savings account to satisfy the $79,256.27 balance, due and owing under the earlier judgment.
 {¶ 6} It is from the April 20, 2004 judgment, that appellant filed a timely appeal and presents one assignment of error for our review:
 {¶ 7} "The court of common pleas erred in sustaining the [p]laintiff-[a]ppellee's motion for a court order directing the liquidation of a certain personal savings account of Paul E. Shamrock, Sr., the husband of the [d]efendant [appellant] sic (Entry filed April 20, 2004, Trumbull County Probate Court)."
 {¶ 8} Upon earlier review of the record in this case, we noted that appellant's amended notice of appeal indicates that she ordered a partial transcript from the court reporter. Although a "notice of filing" of transcript appeared in the record, a review of the record at that time indicated that no transcript had actually been filed. On June 29, 2005, by order of this court, appellant was given 15 days to file the partial transcript as referenced in her amended notice of appeal. Appellant has failed to comply with the extension of time to file the partial transcript of the proceedings. The transcript is necessary for a thorough review of the appellant's contentions in her assignment of error.
 {¶ 9} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. A transcript is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, Statev. Skaggs (1978), 53 Ohio St.2d 162, 163. This principle is embodied in App.R. 9(B), which states in relevant part:
 {¶ 10} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." See, also, Streetsboro v. Hughes (July 31, 1987), 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, at 2.
 {¶ 11} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway (Feb. 1, 1999), 5th Dist. No. 1998CA00147, 1999 Ohio App. LEXIS 766, at 3, citing Knapp.
 {¶ 12} Under the circumstances, a transcript of the proceedings is necessary for a complete review of the error assigned in appellant's brief. As appellant has failed to provide this court with a transcript, we must presume the regularity of the proceedings below and affirm.
 {¶ 13} Appellant's sole assignment of error is therefore without merit.
 {¶ 14} For the above stated reasons, the judgment of the Trumbull County Court of Common Pleas, Probate Division is affirmed. Based upon our foregoing decision, appellee's motion to dismiss for failure to file a transcript is hereby rendered moot.
O'Neill, J., Rice, J., concur.