THE STATE OF OHIO, APPELLEE, *v.* SKAGGS, APPELLANT.

[Cite as State v. Skaggs (1978), 53 Ohio St. 2d 162.]

(No. 77-720—Decided March 1, 1978.)

*Mr. Michael DeWine*, prosecuting attorney, and *Mr. Joe R. Fodal*, for appellee.

*Mr. James P. Jones*, for appellant.

PAUL W. BROWN, J.   The question on appeal is whether in a petty offense case, when the trial court undertakes the tape recording of all proceedings under Crim. R. 22 and the court reporter is unable to transcribe from the tapes some of the proceedings, there is reversible error as a matter of law based upon the inadequacy of the record.

Crim. R. 22 states, in part:

"In petty offense cases * * * if requested by any party all proceedings shall be recorded.

"Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

The Court of Appeals held that "on the whole, the proceeding is faithfully reproduced." It held further that:

"* * * [i]n most cases, the nature of the response can be ascertained from the context and we note that the worst example of this failure to transcribe what was said occurs on pages 299 and 300 where counsel for the appellant was arguing a motion to strike certain testimony, which was admissible."

The burden to show the relevance of omissions or deficiencies must be placed upon appellant within the framework of claimed error.   Appellant has not met this burden. The proper **procedure was available** under the provisions of App. R. 9(C) and should have been pursued by appellant.

App. R. 9(C) states in part:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection."

The Court of Appeals for Greene County certified that its judgment is in conflict with the judgment in *White* v.

*White, supra.* We do not agree and perceive the issue in *White* to be different from that in this cause. In *White,* the appellant properly requested that a court reporter be provided and the request was refused by the trial court. The Court of Appeals held that the trial court had a mandatory duty to allow the request under Civ. R. 53(C) and that failure of the trial court to provide a reporter was prejudicial error as a matter of law.

In the instant cause, the appellant made no request for a recording of the proceedings. Since a recording was made, pursuant to Crim. R. 22, the only issue herein as to whether inadequacies in that record require a reversal under these facts must be decided in the negative.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, W. Brown, Sweeney and Locher, JJ., concur.

Celebrezze, J., dissents.