DECISION
Richard L. Speakman, respondent-appellant, appeals the April 13, 2000 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the court adopted the magistrate's decision establishing a father-child relationship between appellant and Richard W. and Nicole L. Speakman and setting child support.
On October 13, 1981, Mary Jane Estepp gave birth to Nicole L. Speakman. On September 24, 1982, Estepp gave birth to Richard W. Speakman. The birth certificates of both Nicole and Richard W. were signed by appellant, who was never married to Estepp.
On March 8, 1999, the Franklin County Child Support Enforcement Agency filed a Uniform Interstate Family Support Act petition on behalf of petitioner-appellee Barbara Adams, the children's maternal grandmother and legal guardian, in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, alleging appellant was the father of Richard W. and Nicole, and requesting child support.
On June 28, 1999, the trial court ordered genetic testing. Appellant allegedly appeared for genetic testing on July 27, 1999; however, he did not possess the required identification so the test could not be performed. Appellant then failed to appear for the rescheduled genetic test on August 17, 1999. On September 13, 1999, appellant failed to appear for a hearing, and the magistrate issued a capias for his arrest. On January 11, 2000, appellee filed a motion to establish the father-child relationship without genetic testing, and the case was set for hearing on March 6, 2000. At the March 6, 2000 hearing, appellant failed to appear, and the magistrate issued a decision establishing paternity and arrearages, ordering child support in the amount of $150.33 per month, and making various other determinations. No objections were filed to the magistrate's decision, and the trial court adopted the magistrate's decision on April 13, 2000.
Appellant appeals the trial court's judgment, asserting the following four assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN NOT DISMISSING THIS ACTION UPON THE MOTION OF RESPONDENT ON THE GROUNDS THAT PREVIOUS ACTIONS HAD BEEN DISMISSED FOR FRAUD.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN ESTABLISHING PARENTAGE WITHOUT GENETIC TESTING PURSUANT TO OHIO REVISED CODE SECTION 3111.09(A)(2) WHERE APPELLANT-RESPONDENT DID IN FACT APPEAR FOR TESTING AND HE OTHERWISE DID NOT WILLFULLY FAIL TO SUBMIT HIMSELF TO TESTING.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN ESTABLISHING PARENTAGE WITHOUT GENETIC TESTING PURSUANT TO OHIO REVISED CODE SECTION 3111.09(A)(2) WHERE NEITHER APPELLANT-RESPONDENT NOR HIS COUNSEL RECEIVED NOTICE OF THE REQUEST AND AN OPPORTUNITY TO BE HEARD.
ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT ERRED IN ACCEPTING INCOME INFORMATION FROM A PREVIOUS EMPLOYER OF THE APPELLANT-RESPONDENT AS EVIDENCE OF APPELLANT'S INCOME, AND IN ORDERING APPELLANT- RESPONDENT TO OBTAIN EMPLOYMENT, AS APPELLANT-RESPONDENT IS DISABLED AND UNEMPLOYED.
Initially, we must address an issue raised by appellee. Appellant failed to file objections to the magistrate's decision with the trial court. Civ.R. 53(E)(3)(b) provides, in pertinent part:
 A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Accordingly, if a party fails to file objections to the magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal. Albrecht v. Albrecht (Feb. 23, 1999), Franklin App. No. 98AP-543, unreported; Alimo v. Pomante Contractors, Inc. (Sept. 11, 1997), Franklin App. No. 97APG02-221, unreported. This rule is based upon the general precept that an appellate court will not address errors that arose at trial and could have been avoided or corrected but were not brought to the attention of the lower court. Goldfuss v. Davidson
(1997), 79 Ohio St.3d 116, 121.
In the present case, appellant's failure to file objections to the magistrate's decision precludes this court from addressing appellant's assignments of error on their merits. Therefore, we find that appellant, by failing to file the requisite objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(b), has hereby failed to properly preserve his appeal on these issues.
We further note that even if we were not precluded by Civ.R. 53(E)(3)(b) from addressing appellant's assignments of error, we would be unable to address appellant's arguments because he failed to file a transcript of the proceedings before the magistrate. The duty to provide a transcript for appellate review falls upon the appellant. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. This responsibility falls upon an appellant since the appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162; App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp, supra, at 199.
Accordingly, we overrule appellant's first, second, third, and fourth assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
LAZARUS and KENNEDY, JJ., concur.