OPINION
{¶ 1} On August 26, 2003, appellant, Greg Carder, was cited for failure to use his turn signal in violation of R.C. 4511.39, fictitious registration in violation of R.C. 4549.08, and driving under suspension and/or driving with no operator's license in violation of R.C. 4507.02. A bench trial commenced on October 2, 2003. By judgment entry filed same date, the trial court found appellant guilty of failure to use his turn signal, fictitious registration, and driving under suspension. The trial court sentenced him to one hundred twenty days in jail, sixty days suspended, placed him on probation for two years and ordered him to pay a total fine of $700.00 plus court costs.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignment from appellant's arguments:
 I {¶ 3} "The trial court erred in finding appellant guilty of failure to use his turn signal, fictitious registration and driving under suspension."
 I {¶ 4} In his pro se "Notice of Breif" (sic), appellant challenges certain documents and testimony presented during the bench trial. We note appellant failed to present this court with the transcript of the trial. Absent the transcript, we are unable to review the testimony presented and the documents in context. In Knapp v. Edwards Laboratories (1980), 61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 5} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 6} In addition, appellant complains of the trial judge asking him questions and "assuming the role of the prosecutor." Trial courts may interrogate witnesses in an impartial manner. Evid.R. 614(B). Again, without a transcript, we are unable to review this issue.
 {¶ 7} The sole assignment of error is denied.
 {¶ 8} The judgment of the County Court of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.