OPINION
{¶ 1} Appellant Ohio Department of Job Family Services ("ODJFS") appeals the January 24, 2005 Judgment Entry of the Stark County Court of Common Pleas, which granted default judgment in favor of appellee Kylie McVeen, and reversed the September 23, 2004 Administrative Appeal Decision of the Director of ODJFS, which had affirmed the September 1, 2004 State Hearing Officer Decision.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 18, 2004, appellee filed a Notice of Appeal, challenging the aforementioned decisions issued in a matter concerning child care benefits which appellee had received and which the Stark County Department of Job and Family Services had approved.[1] Via Judgment Entry filed November 1, 2004, the trial court set forth the case schedule. The judgment entry provided, "[a]ny transcript or other documents or record in the within matter shall be filed with the Court on or beforeNOVEMBER 25, 2004." Pursuant to statutory requirements, ODJFS filed a certified record with the trial court on November 1, 2004. ODJFS did not, however, file a transcript of the hearing before the State Hearing Officer. There was no hearing before the Director.
 {¶ 3} On January 21, 2005, appellee filed a Motion for Default Judgment, asserting ODJFS failed to comply with the trial court's November 1, 2004 Judgment Entry. Three days later, without ODJFS having an opportunity to respond, the trial court granted appellee's motion via Judgment Entry filed January 24, 2005.
 {¶ 4} It is from this judgment entry ODJFS appeals, raising the following assignment of error:
 {¶ 5} "I. The common pleas court committed prejudicial error when it granted kylie mcveen's motion for default judgment against the Ohio department of job and family services."
 I {¶ 6} In its sole assignment, ODJFS contends the trial court committed prejudicial error in granting appellee's motion for default judgment. ODJFS asserts five grounds upon which it bases its argument. First, ODJFS submits it reasonably understood the language of the November 1, 2004 Judgment Entry as not requiring a hearing transcript. Next, ODJFS argues default judgments pursuant to Civ. R. 55 are inappropriate in administrative appeals. Additionally, ODJFS asserts the trial court erred in granting judgment against it based upon the absence of an item from the record when ODJFS timely filed the certified record and appellee was not prejudiced. Further, ODJFS maintains the trial court erroneously granted default judgment without providing it at least seven days' notice of hearing on the motion as required by Civ. R. 55. Finally, ODJFS alleges the trial court erred because appellee failed to establish her claim or right to relief as required by Civ. R. 55(D).
 {¶ 7} In Knapp v. Edwards Labs. (1980), 61 Ohio St.2d 197,199, the Ohio Supreme Court held: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v.Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted). We find Knapp to be instructive.
 {¶ 8} Appellee maintains her Notice of Appeal to the trial court specifically indicated there were factual disputes regarding the State Hearing Officer's Decision which ordered her to repay monies related to child care expenses; therefore, a transcript was necessary. We disagree. We find the transcript of the State Hearing Officer's hearing was not necessary for the trial court to resolve the matter before it. Despite her attempt to appeal the merits of the State Hearing Officer's Decision to the trial court, appellee was prohibited from doing so. The only issue on appeal was the Director's finding appellee failed to timely request an administrative appeal. The decision of the Director was based solely on the jurisdictional issue and did not go to the merits of the claim. The transcript of the hearing would not assist the trial court in evaluating the Director's decision regarding the timeliness of appellee's request. Accordingly, we find the trial court erred in granting default judgment against ODJFS.
 {¶ 9} ODJFS's sole assignment of error is sustained.
 {¶ 10} The judgment of the Stark County Court of Common Pleas is reversed, and the matter remanded to that court for further proceedings consistent with this Opinion and the law.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with our Opinion and the law. Costs assessed to appellee.
[1] The Stark County Department of Job and Family Services was named as a party in the underlying action, but was subsequently dismissed.