OPINION
{¶ 1} Defendant-appellant Keith L. Yun appeals the September 15, 2005 Judgment Entry entered by the Canton Municipal Court, denying his Motion to Produce Transcripts of the Proceedings and Provide Copies of the Record and appellant's Motion for Modification and Correction of the Record to Include Transcripts. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 30, 2000, a complaint was filed against appellant in Canton Municipal Court Case No. 00CRB1248, alleging one count of domestic violence, in violation of R.C. 2919.25(A). Subsequently, on April 12, 2000 a complaint was filed against appellant in Canton Municipal Court Case No. 00CRB01438, alleging one count of domestic violence, in violation of R.C. 2919.25(A), and one count of violating a protection order, in violation of R.C. 2919 .27. The Stark County Court of Common Pleas, Domestic Relations Division, had issued a civil protection order against appellant on March 31, 2000.
 {¶ 3} The trial court conducted a pretrial on April 26, 2000, at which time appellant withdrew his former pleas of not guilty and entered pleas of no contest to the domestic violence count in Case No. 00CRB01248, and the violating a protection order charge in Case No. 00CRB01438. The State moved to dismiss the remaining count of domestic violence in accordance with the parties' plea agreement. The trial court sentenced appellant to thirty days in county jail with credit for fourteen days served, placed appellant on probation for a period of two years, and imposed a fine and court costs. The trial court subsequently revoked appellant's probation after appellant was sentenced to prison on an unrelated case.
 {¶ 4} On February 12, 2002, appellant filed a Motion to Withdraw Pleas of Nolo Contendre. The trial court summarily overruled appellant's motion via Judgment Entry filed February 14, 2002. Appellant filed a timely notice of appeal from that judgment to this Court. Appellant also filed a request for the preparation of the transcripts of the proceedings in the matter. Via Judgment Entry filed March 21, 2002, the trial court overruled appellant's motion for transcripts, noting the audio tapes of the proceedings are maintained by the court for a period of one year, and because over one year had elapsed since appellant's proceedings, such audio tapes from which to prepare a transcript were unavailable.
 {¶ 5} On March 18, 2002, appellant appealed the denial.(State v. Yun, 5th Dist. No. 2002CA00088, 2002 Ohio 4535.)' [Yun I].
 {¶ 6} Appellant raised two assignments of error in his first appeal:
 {¶ 7} "1. The trial court was unable to provide appellant with transcripts of proceedings resulting in violations of the fifth and fourteenth constitutional amendments, and Article I, Section 16 of the Ohio Constitution.
 {¶ 8} "2. The trial court erred by demanding, accepting and later overruling a motion concerning pleas of nolo contendre violating appellant's rights to due process and fair, impartial trial".
 {¶ 9} This court overruled both assignments of error. As to the first assignment of error the Court held:
 {¶ 10} "We find appellant's undue delay between the trial court's entering his conviction and sentence, and his filing of the Motion to Withdraw Pleas of Nolo Contendre caused the unavailability of the transcripts. According, we find appellant must suffer the consequences of his actions. Additionally, appellant has failed to provide this Court with an alternative record to review pursuant to App. R. 9, and in the absence of a bona fide attempt to reconstruct the evidence pursuant to App. R. 9 and demonstrate prejudice, appellant's error is waived".
 {¶ 11} This Court held that the second assignment of error was overruled based on the following principle:
 {¶ 12} "Absent a transcript of the proceedings before the trial court or, in the alternative, an App. R. 9(C) statement, this Court must presume regularity in the underlying proceedings".
 {¶ 13} On August 26, 2005, appellant filed a petition for a Writ of Mandamus and alternative Writ of Prohibition against Judge Mary Falvey in this Court. (Case No. 2005 CA 00213.) Appellant alleged that Judge Falvey denied his rights during a pretrial conference on April 26, 2000 and violated his due process rights by not preserving a record of the hearing. This Court dismissed appellant's complaint because of his failure to comply with R.C. 2969.25(A).
 {¶ 14} Concurrent with the filing of the original action in the Court of Appeals, on August 24, 2005, appellant filed a Motion to Produce Transcripts of the Proceedings and Provide Copies of the Record and a Motion for Modification and Correction of the Record to Include Transcripts in the Canton Municipal Court. The Canton Municipal Court overruled the motions in judgment entries dated September 15, 2005. It is from these entries that appellant appeals and raises the following assignment of error:
 {¶ 15} "THE DENIAL OF THE APPR. 9(C) AND (E) MOTION TO PRODUCE TRANSCRIPTS DENIED APPELLANT DUE AND EQUAL PROTECTION UNDER THE OHIO CONST. ARTICLE I, SECTION 16, AND THE US CONST. AMEND. 5, 6, AND 14 RESULTING IN AN ABUSE OF DISCRETION AND A MANIFEST INJUSTICE."
 I. {¶ 16} In his sole assignment of error appellant argues that the trial court denied his due process and equal protection rights by failing to provide him with a transcript of the proceedings, or settle an App. R. 9 (C) statement. We disagree.
 {¶ 17} In Yun I this court found appellant could have sought to supplement the record "from the best available means," including utilizing "appellant's recollection" of the case. App.R. 9(C). See State v. Skaggs (1978), 53 Ohio St.2d 162,372 N.E.2d 1355. This statement must be served upon appellee within twenty days of transmission of the record. Id. Objections must be filed within ten days after service. Id. Then, the statement must be approved by the trial court and is included in the record by the clerk of the trial court. Id. Alternatively, the parties could have agreed on a statement to be filed and, after approved by the trial court, included in the record. App.R. 9(D). Failure to follow this procedure we found resulted in the appellant's waiver of the issue concerning the unavailability of the transcript.
 {¶ 18} Appellant's second appeal is based on a claim arising from a nucleus of facts that was the subject matter of his first application. Appellant had a full and fair opportunity to present his case and obtain a Rule 9(C) statement of the record. Appellant simply failed to avail himself of all available grounds for relief in the first proceeding. In Grava v. ParkmanTownship (1995), 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, the court noted "Absent changed circumstances, refusing to allow Grava to use an alternate legal theory overlooked in the previous proceedings does not work an injustice. Instead, by providing parties with an incentive to resolve conclusively an entire controversy involving the same core of facts, such refusal establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources. The instability that would follow the establishment of a precedent for disregarding the doctrine of res judicata for "equitable" reasons would be greater than the benefit that might result from relieving some cases of individual hardship". Id. at 383-84,653 N.E.2d at 230.
 {¶ 19} Paragraph four of the syllabus in the case of Pollockv. Cohen, 32 Ohio St. 514, states: `Where a case is brought a second time on the same record, by petition in error, all questions on such record will be deemed settled by the first adjudication. This rule extends not only to questions actuallypresented, but to all questions existing on the record that mighthave been presented for adjudication in the first petition inerror. In such case the second petition in error should be dismissed.' (Emphasis added.). See, also Anderson v. Richards
(1962), 173 Ohio St. 50, 53, 179 N.E.2d 918, 920.
 {¶ 20} Accordingly, we hold appellant's claims are barred by the doctrine of res judicata. Therefore, the assignment of error is without merit.
 {¶ 21} For the foregoing reasons, the judgment of the Canton Municipal Court is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs to appellant.