OPINION
{¶ 1} Defendant-appellant Clayton B. Smith appeals the July 28, 2005 Judgment Entry of the Stark County Court of Common Pleas granting execution of judgment in favor of plaintiff-appellee Craig T. Conley.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 11, 2004, appellee Craig Conley obtained a judgment in the Stark County Court of Common Pleas against appellant Clayton Smith in the amount of $2,890.00, plus interest at the rate of ten percent per annum from August 22, 2002.
 {¶ 3} Appellee initiated the instant action for statutory execution of judgment against certain of appellant's assets. At all times relevant, appellant remained insolvent with a Jeep automobile and a coney cart being his only personal assets.
 {¶ 4} The trial court conducted a bench trial on June 28, 2005. Via Judgment Entry of July 28, 2005, the trial court found on May 13, 2004, appellant transferred title and ownership of record of the Jeep to his mother for no consideration. Appellant thereafter continued to possess and use the vehicle. On December 1, 2004, appellee received $1,500.00 toward the aforesaid judgment; and, on March 2, 2005, he received an additional $30.60 toward the aforesaid judgment. The balance of $2,067.40 remained due and owing as of March 2, 2005. The trial court granted judgment in favor of appellee in the amount of $2,067.40, plus interest at the rate of ten percent per annum from March 2, 2005. The trial court further ordered appellant pay punitive damages in the amount of $1,500.00, plus interest at the rate of five percent per annum.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT HAD COMMITTED IRREVERSIBLE ERROR IN NOT RECOGNIZING THE DOCTRINE OF RES JUDICATA IN THE COURTS [SIC] MAY 18, 2005 DENIAL OF HIS [SIC] FAILURE TO GRANT APPELLANT FEBRUARY 22, 2005 MOTION FOR SUMMARY JUDGMENT.
 {¶ 7} "II. THE TRIAL COURT ERRED IN SUSTAINING THE APPELLEES OBJECTION TO THE USE OF THE OCTOBER 28, 2004 TRANSCRIPT ON THE GROUNDS OF LACK OF RELEVANCY, AUTHENTICATION, AND HERESAY [SIC].
 {¶ 8} "III. THE TRIAL COURT ERRE DIN NOT ALLOWING A JURY TRIAL AFTER ITS OWN RECORD HAD BEEN SET FOR JURY TRIAL.
 {¶ 9} "IV. THE TRIAL COURT ERRED IN NOT ADMINISTERING AN OATH BEFORE COMMENCING WITH ANY PORTIONS OF A TRIAL BETWEEN TWO NONR-EPRESENTED PRO SE PARTIES.
 {¶ 10} "V. THE TRIAL COURT ERRED IN NOT HOLDING TO THE DEFENDANT'S RIGHT TO DUE PROCESS.
 {¶ 11} "VI. THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT HAD CONCEALED AN ASSET WHICH IN REALITY HAD NOT BEEN AN ASSET SUBJECT TO OHIO FRAUDULENT TRANSFER ACT BECAUSE IT HAD BEEN ENCUMBERED BY A VALID LIEN, AND THUS NOT SUBJECT TO EXECUTION.
 {¶ 12} "VII. THE TRIAL COURT ERRED IN ITS CONCLUSION THAT APPELLANT HAD ISSUED A FALSE STATEMENT TO DEPUTY CRAIG KENNEDY WHEN HE HAD STATED TO KENNEDY THAT THE "CONEY CART" HAD NOT BEEN IN HIS POSSESSION.
 {¶ 13} "VIII. THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT FRAUDULENTLY TRANSFERRED THE JEEP TO JANE S. WOOD IN ORDER TO PREVENT CONLEY ATTACHING SAME BY HAVING THE VEHICLE TO AN INSIDER FOR NO CONSIDERATION.
 {¶ 14} "IX. THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT HAD FRAUDULENTLY TRANSFERRED THE JEEP TO JAN [SIC] S. WOOD, AND ALLEGED INSIDER, FOR NO CONSIDERATION OR FOR NO REASONABLE EQUIVALENT VALUE.
 {¶ 15} "X. THE TRIAL COURT COMMITTED STRUCTURAL ERROR IN NOT HAVING ENFORCED THE APPEARANCE OF MARY LOU SEKULA, AND HER SECRETARY, ANN SIMON."
 I {¶ 16} In the first assignment of error, appellant maintains, because the trial court previously denied his motion for summary judgment on the same grounds, the issues presented in this action for execution of judgment have been previously litigated; therefore, are barred by the doctrine of res judicata.
 {¶ 17} We disagree with appellant's argument.
 {¶ 18} Proper application of the doctrine of res judicata requires the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim.
 {¶ 19} It is difficult to understand appellant's argument. Appellant appears to argue appellee's complaint is barred by the doctrine of res judicata in that the fraud claims were previously litigated in the instant action via summary judgment or possibly in a prior action. Upon review of the record, we do not find res judicata bars appellee's complaint as the identical cause of action has not been previously adjudicated in a prior proceeding. Furthermore, the denial of a plaintiff's motion for summary judgment is not a final adjudication triggering application of res judicata.
 {¶ 20} Appellant's first assignment of error is overruled.
 II {¶ 21} In his second assignment of error, appellant maintains the trial court erred in sustaining appellee's objection to the introduction of an uncertified transcript at trial based on hearsay and relevancy. Appellant asserts the transcript was self-authenticating and admissible evidence, pursuant to Evidence Rule 908(C).
 {¶ 22} We note appellant failed to present this court with a full transcript of the proceedings before the trial court. Rather, appellant filed a partial transcript without complying with the requirements of Ohio Appellate Rule 9.
 {¶ 23} In Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9, which states:
 {¶ 24} "(A) Composition of the record on appeal
 {¶ 25} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * *
 {¶ 26} * * *
 {¶ 27} "(B) The transcript of proceedings; duty of appellantto order; notice to appellee if partial transcript is ordered
 {¶ 28} "At the time of filing the notice of appeal theappellant, in writing, shall order from the reporter a completetranscript or a transcript of the parts of the proceedings notalready on file as the appellant considers necessary forinclusion in the record and file a copy of the order with theclerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonogramic, or photographic means, by the use of audio electronic recording devices, or by the use of video recording systems. If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
 {¶ 29} "Unless the entire transcript is to be included, theappellant, with the notice of appeal, shall file with the clerkof the trial court and serve on the appellee a description of theparts of the transcript that the appellant intends to include inthe record, a statement that no transcript is necessary, or astatement that a statement pursuant to either App.R. 9(C) or 9(D)will be submitted, and a statement of the assignments of errorthe appellant intends to present on the appeal. If the appelleeconsiders a transcript of other parts of the proceedingsnecessary, the appellee, within ten days after the service of thestatement of the appellant, shall file and serve on the appellanta designation of additional parts to be included. The clerk ofthe trial court shall forward a copy of this designation to theclerk of the court of appeals.
 {¶ 30} "If the appellant refuses or fails, within ten daysafter service on the appellant of appellee's designation, toorder the additional parts, the appellee, within five daysthereafter, shall either order the parts in writing from thereporter or apply to the court of appeals for an order requiringthe appellant to do so. At the time of ordering, the partyordering the transcript shall arrange for the payment to thereporter of the cost of the transcript."
 {¶ 31} (Emphasis added.)
 {¶ 32} While appellant filed only a partial transcript of the proceedings before the trial court, he failed to comply with the requirements for doing so as set forth in App. R. 9(B).
 {¶ 33} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." State v.Neal, December 19, 2005, Delaware App. No. 2005CAA02006.
 {¶ 34} Accordingly, pursuant to Knapp, supra, and App. R. 9(B), we overrule appellant's second assignment of error.
 III {¶ 35} Appellant's third assignment of error maintains the trial court erred in not conducting a jury trial herein, after having set the matter for a jury trial in its prior case management schedule.
 {¶ 36} Upon review of the record, neither party made a jury demand in this case. Rather, the trial court's June 27, 2005 Judgment Entry specifically states the record is devoid of any jury demand or any motion for the court to order a jury trial. Accordingly, we overrule appellant's third assignment of error.
 IV, V, VI, VII, VIII, IX X {¶ 37} Appellant's fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error raise common and interrelated issues; therefore, we will address the assignments of error together.
 {¶ 38} The assignments of error asserted by appellant reference the proceedings before the trial court, the testimony and evidence introduced therein and the court's conclusions with regard thereto. However, as set forth in our analysis and disposition of appellant's second assignment of error, we find the partial transcript of the proceedings submitted by the appellant inadequate to dispose of appellant's arguments. Appellant failed to comply with App. R. 9(B) and pursuant toKnapp, supra, we presume the validity of the lower court's proceedings.
 {¶ 39} Appellant's fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error are overruled.
 {¶ 40} For the reasons set forth above, we affirm the July 28, 2005 Judgment Entry of the Stark County Court of Common Pleas.
Hoffman, J., Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to the appellant.