{¶ 18} I concur with the majority's analysis and disposition of appellant's sole assignment of error with respect to the complaint. However, I respectfully dissent from the majority's analysis and disposition with respect to the counterclaim.
 {¶ 19} The trial court, in its November 3, 2003 Judgment Entry, entered judgment for appellee on the counterclaim in the amount of $996.00 plus interest for unpaid rent and utilities. The majority, in its Opinion, reverses the trial court's judgment as to the counterclaim on the basis that appellant had no knowledge of the counterclaim prior to the hearing before the trial court and, therefore, was denied the opportunity to produce witnesses or evidence on his behalf.
 {¶ 20} However, generally, in order to preserve an issue for appeal, an objection must be made to the trial court. Because a transcript of the hearing before the trial court was not filed, I would find that we cannot determine whether appellant objected to appellee presenting evidence on the counterclaim or whether appellant agreed to proceed on the counterclaim. In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 199, 197, 400 N.E.2d 384, the Ohio Supreme Court held as follows: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v.Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted *Page 7 
from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted).
 {¶ 21} Absent a transcript, I would find that we are unable to determine if the issue of the counterclaim was preserved for review. Therefore, I would presume the validity of the trial court's proceedings and would affirm the trial court in full. *Page 1