DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jack Smith, appeals from the decision of the Medina County Domestic Relations Court. This Court affirms.
 I. {¶ 2} Mary Pantalone-Smith ("Mother") and Jack Smith ("Father") were married on August 14, 1998. Mother and Father had two children together. The parties were granted a divorce on March 30, 2006. They entered into a memorandum of settlement and a shared parenting plan which was appended to the divorce decree. The divorce decree notes that "prior to the commencement of the trial, [Mother] and [Father] entered into a settlement of all issues and that both parties appeared before the Court at said hearing and acknowledged under oath that they voluntarily entered into the Memorandum of Settlement and Shared Parent Plan[.]" On January 19, 2007, an agreed judgment entry was filed, modifying the shared parenting plan. On May 15, 2007, the parties came before the magistrate on several pending motions. These *Page 2 
motions included: 1) Mother's motion to show cause against Father for his failure to exercise parental rights; 2) Mother's motion to modify child support; 3) Father's motion to show cause against Mother for her failure to pay him his share of the marital home equity; 4) Father's motion to show cause against Mother for her failure to allow Father to pick up his personal property. On June 22, 2007, the magistrate issued a decision denying Father's motions to show cause and granting Mother's motion to show cause. The trial court further increased Father's child support obligations. Father filed objections to the decision and on November 9, 2007, the matter came for a hearing. On February 5, 2008, the trial court overruled Father's objections and adopted the magistrate's decision. Father timely appealed from this decision, raising four assignments of error for our review. We have combined Father's assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE COURT ERRED IN MODIFYING [FATHER'S] CHILD SUPPORT OBLIGATION UPWARD BY USING IN CORRECT (SIC) INCOME FIGURES."
 ASSIGNMENT OF ERROR II "THE COURT ERRED IN NOT FINDING CLEAR AND CONVINCING EVIDENCE THAT [MOTHER] VIOLATED THE COURT'S ORDER TO PAY [FATHER] HIS SHARE OF THE EQUITY IN THE MARITAL RESIDENCE."
 ASSIGNMENT OF ERROR III "THE COURT ERRED IN NOT FINDING CLEAR AND CONVINCING EVIDENCE THAT [MOTHER] VIOLATED THE COURT'S ORDER TO RETURN [FATHER'S] PERSONAL PROPERTY."
 ASSIGNMENT OF ERROR IV "THE COURT ERRED IN FINDING [FATHER] IN CONTEMPT FOR FAILING TO ABIDE BY THE TERMS OF THE SHARED PARENTING AGREEMENT." *Page 3 
 {¶ 3} In his assignments of error, Father contends that the trial court erred when it overruled his objections regarding the modification of child support and when it overruled his objections regarding several contempt motions, and adopted the magistrate's decision. We do not agree.
 {¶ 4} At the outset, we recognize that the trial court held a hearing on Father's objections on November 9, 2007. Under Civ. R. 53(D)(4)(b), "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, takeadditional evidence, or return a matter to a magistrate." (Emphasis added.) On appeal, Father contends that the trial court erred in adopting the magistrate's findings. In order to review Father's assigned errors, therefore, we would need to review the record of the proceedings held on November 9, 2007 to determine whether the trial court considered any additional evidence. Father has failed to present this court with a transcript from that hearing.
 {¶ 5} It is Father's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. App. R. 9(B) provides that Father shall order from the reporter the portion of the transcript that he deems necessary for the resolution of assigned errors. Father has not met the burden of producing a transcript of the proceedings from which he claims error. Without the necessary transcript, we must presume regularity. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 6} In its February 5, 2008 judgment entry, the trial court overruled Father's objections and affirmed the magistrate's determinations. Father has failed to show on appeal that *Page 4 
the trial court abused its discretion when it adopted the magistrate's decision. Accordingly, Father's assignments of error are overruled.
 III. {¶ 7} Father's assignments of error are overruled. The judgment of the Medina County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 1