DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Countrywide Home Loans, Inc. ("Countrywide"), appeals from the decision of the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Countrywide filed its complaint in foreclosure on March 1, 2007, seeking the foreclosure of Appellee, Guy Schreckengost's ("Schreckengost"), property located at 7186 Massillon Road, in the city of Navarre, Wayne County, Ohio. On August 28, 2007, a status conference was held. The trial court noted in its order that an attorney for Countrywide appeared and Schreckengost appeared pro se. The trial court scheduled a settlement conference for October 23, 2007 and ordered that a representative of Countrywide with full settlement authority attend the conference. A settlement conference was held on October 23, 2007 and was attended by Schreckengost's attorney and a representative of Countrywide. In its order, the trial court found that Schreckengost made a settlement offer of $77,777.77 and that Countrywide refused *Page 2 
the offer. The trial court further noted that Countrywide made an $80,000 counteroffer which Schreckengost accepted. The trial court ordered that upon payment by Schreckengost and a mortgage release executed by Countrywide, the case would be dismissed with prejudice at Countrywide's cost. It is from this order that Countrywide appeals, disputing the trial court's finding that it had made a counteroffer of $80,000, that Schreckengost had accepted the offer, and that the case was therefore settled. On November 29, 2007, Countrywide filed a statement of proceedings of the October 23, 2007 conference hearing, pursuant to App. R. 9(C).
 {¶ 3} Countrywide has asserted one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT [COUNTRYWIDE] MADE A COUNTEROFFER AT THE SETTLEMENT CONFERENCE OF OCTOBER 23, 2007, IN THE AMOUNT OF $80,000, AND IN FINDING THAT SCHRECKENGOST COULD ACCEPT SUCH A COUNTEROFFER, EFFECTIVELY SETTLING THE CASE AS SUCH FINDINGS ARE NOT SUPPORTED BY CREDIBLE, COMPETENT EVIDENCE."
 {¶ 4} In its sole assignment of error, Countrywide contends that the trial court erred in finding that it made a counteroffer at the settlement conference of October 23, 2007, in the amount of $80,000, and erred in finding that Schreckengost could accept the counteroffer, which effectively settled the case. Countrywide contends that the trial court's findings were not supported by credible, competent evidence. We do not agree.
 {¶ 5} We initially note that Countrywide has failed to present this court with a transcript of the October 23, 2007 hearing. We have repeatedly stated that it is the duty of the appellant to provide the Court with a transcript for review because he bears the burden of demonstrating error by reference to matters in the record. State v.Skaggs (1978), 53 Ohio St.2d 162, 163. App. R. 9(B) provides that an appellant shall order from the reporter the portion of the transcript that he *Page 3 
deems necessary for the resolution of assigned errors. The parties and the trial court agree that there was no record of the October 23, 2007 settlement conference. Due to the lack of a transcript, Countrywide attempted to file a statement of proceedings under App. R. 9(C). App. R. 9(C) states:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 6} Despite Countrywide's reliance upon its own version of events, its statement of proceedings was never "settled and approved" by the trial court, nor is it clear that the statement was "served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10[.]"
 {¶ 7} Countrywide filed its notice of appeal on November 8, 2007. Pursuant to App. R. 10, the record was to be transmitted within 40 days. Therefore, the record should have been transmitted by December 18, 2007. Under App. R. 9(C), Countrywide was required to serve its statement of proceedings to Schreckengost no later than twenty days prior to December 18, 2007. Accordingly, Countrywide's App. R. 9(C) statement was due on or before November 27, 2007. Countrywide's App. R. 9(C) statement was filed with the trial court on November 29, 2007, and the certificate of service indicates that it was mailed to Schreckengost on November 28, 2007. As such, Countrywide's proposed App. R. 9(C) statement was not timely served on *Page 4 
Schreckengost. Therefore, we find that Countrywide's "statement of the proceedings" does not meet the requirements set forth in App. R. 9(C), and we decline to consider it.
 {¶ 8} As we stated above, Countrywide has not met the burden of producing a transcript of the proceedings from which it claims error. Nor has it properly complied with App. R. 9(C). Without the necessary transcript, we must presume regularity. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. We cannot find that the trial court's determination was in error. Accordingly, Countrywide's assignment of error is overruled.
 III. {¶ 9} Countrywide's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 Whitmore, J., Dickinson, J., concur. *Page 1