DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Oster Construction ("Oster"), appeals from the decision of the Lorain County Municipal Court. This Court affirms.
 I. {¶ 2} In 2004, the Appellees, the Peters, signed an agreement with Oster, a land developer and home builder, to reserve a lot in the Hidden Creek Subdivision in Lorain, Ohio. The Peters paid $2,000. Thereafter, the Peters and Oster signed a purchase agreement for the property, with a purchase price of $234,425. The agreement was conditioned upon the Peters obtaining financing by October 14, 2004. If they did not obtain the financing, the Peters would forfeit their earnest money deposit to Oster. Further, under the purchase agreement, the Peters were required to pay a 10% down payment, which they did by promissory note. The promissory note required the Peters to make payments to Oster in October of 2004, November of 2004, January of 2005, and March of 2005. The Peters subsequently extended their closing date and *Page 2 
signed another promissory note, requiring a $2,000 payment every month from January 23, 2005 to July 23, 2005 and a final payment of $7,442.50 on August 23, 2005.
 {¶ 3} The Peters only made one $2,000 payment on the home, yet Oster continued with construction. In April of 2005, when it became clear that the Peters could not obtain the requisite financing and did not make the payments on the promissory note, Oster placed the home on the market and sold it to another buyer.
 {¶ 4} On September 15, 2006, the Peters filed a complaint against Oster and American Midwest Mortgage Corporation, alleging breach of contract and unjust enrichment. American Midwest Mortgage Corporation settled with the Peters and was dismissed from the suit. The Peters sought from Oster the return of their $4,000 earnest money deposit. On August 15, 2007, a magistrate held a trial on the complaint. On September 18, 2007, the magistrate determined that the Peters were entitled to the return of their $4,000 earnest money deposit. On October 1, 2007, Oster filed objections to the magistrate's decision. On February 21, 2008 the trial court issued its decision, adopting the magistrate's decision and overruling Oster's objections. The trial court's entry indicated that a hearing on the objections was held on February 21, 2008. On March 4, 2008, the trial court issued a nunc pro tunc entry to enter judgment in favor of the Peters. It is from this judgment that Oster timely appealed, raising four assignments of error. We have combined Oster's assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER OSTER'S AFFIRMATIVE DEFENSE OF SETOFF/RECOUPMENT." *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT ALLOWED PRIOR UNDERSTANDINGS AND NEGOTIATIONS TO BE ADMITTED FOR THE PURPOSE OF VARYING A WRITING IN VIOLATION OF THE PAROL EVIDENCE RULE."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT FOUND THAT A NOVATION OCCURRED BETWEEN OSTER AND THE PETERS WITH REGARD TO THE PURCHASE AGREEMENT AND THE PROMISSORY NOTES."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In its assignments of error, Oster contends that the trial court erred when it overruled its objections and affirmed the magistrate's decision. We do not agree.
 {¶ 6} At the outset, we recognize that the trial court's judgment entry and the docket indicate that it held a hearing on Oster's objections on February 21, 2008. Under Civ. R. 53(D)(4)(b), "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." On appeal, Oster contends that the trial court erred in adopting the magistrate's findings. In order to review Oster's assigned errors, therefore, this Court would need to review the record of the proceedings held on February 21, 2008 to determine whether the trial court considered any additional evidence. Oster has failed to present this court with a transcript from that hearing.
 {¶ 7} It is Oster's duty to provide a transcript for appellate review because it bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. App. R. 9(B) provides that Oster shall order from the reporter the portion of the transcript that it deems necessary for the resolution of assigned errors. Oster has not met the *Page 4 
burden of producing a transcript of the proceedings from which it claims error. Without the necessary transcript, we must presume regularity.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 8} In its March 24, 2008 judgment entry, the trial court overruled Oster's objections and adopted the magistrate's determinations. Oster has failed to show on appeal that the trial court abused its discretion when it adopted the magistrate's decision. Accordingly, Oster's assignments of error are overruled.
 III. {¶ 9} Oster's assignments of error are overruled. The judgment of the Lorain County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
DICKINSON, J. concurs.