[Cite as *Powell v. Becher*, 2011-Ohio-267.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| HEATHER POWELL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| WILLIAM BECHER | : | Case No. 2010CA00273 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2009DV00166

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     January 24, 2011

APPEARANCES:

For Plaintiff-Appellant

HEATHER POWELL, PRO SE
3945 Mayfair Road, Apt. 101
Uniiontown, OH  44685

For Defendant-Appellee

WILLIAM A. BECHER, PRO SE
1329 Woodland Avenue, NW
Canton, OH  44703

*Farmer, J.*

{¶1}    On November 3, 2009, appellant, Heather Powell, was granted a civil protection order against appellee, William Becher.    At one time, the two resided together, and had a child on June 12, 2008.    The order is to remain in effect until November 3, 2014.

{¶2}    On August 9, 2010, appellant filed a motion to dismiss the civil protection order.  By judgment entry filed August 26, 2010, the trial court denied the motion.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PETITION FOR DOMESTIC VIOLENCE PROTECTION ORDER."

I

{¶5}    Appellant claims the trial court erred in failing to grant her request to terminate the civil protection order filed on November 3, 2009.  We disagree.

{¶6}    On August 9, 2010, appellant filed a request to terminate the order for the reason of "wanting father to be present in daughter's life."   In its judgment entry filed August 26, 2010, the trial court noted appellee was "undergoing counseling," and denied the request.  The trial court stated, "[t]he parties are advised to retain counsel if desired in the future."

{¶7}    Apparently a hearing was held, but a transcript of the hearing has not been filed for our review.  In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:

{¶8} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

{¶9} In the November 3, 2009 order, the trial court invited the parties to petition the trial court on visitation and child support:

{¶10} "13. ***The child is part of this order. However, the parties may petition the Court to address visitation. The Respondent may be granted an exception to this order related to the child if the Court finds it appropriate and in the best interest of the child.

{¶11} "15. ***The parties may petition the CSEA for a support order."

{¶12} Without a transcript of the hearing, we are unable to determine what the trial court based the denial on. In both the original order and the subsequent denial, the trial court left the door open for visitation issues.

{¶13} Based upon the state of the record before us, we cannot find the trial court erred in denying the request to terminate the civil protection order.

{¶14} The sole assignment of error is denied.

{¶15} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ John W. Wise_____

JUDGES

SGF/sg 112

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


HEATHER POWELL                                  :
                                                :
    Plaintiff-Appellant                    :
                                                :
-vs-                                            :               JUDGMENT ENTRY
                                                :
WILLIAM BECHER                                  :
                                                :
    Defendant-Appellee                     :               CASE NO. 2010CA00273


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.  Costs to appellant.


                                     s/ Sheila G. Farmer_____


                                       s/ W. Scott Gwin_____


                                       s/ John W. Wise _____

                                              JUDGES