[Cite as *Krofft v. Muskingum Cty. Job & Family Servs.*, 2011-Ohio-3396.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TERRY LEE KROFFT, JR. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Appellant | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. CT2011-0011 |
| STATE OF OHIO, MUSKINGUM<br>COUNTY JOB & FAMILY SERVICES,<br>CHILD SUPPORT DIVISION | |
| Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  DG2010-1078

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 21, 2011

APPEARANCES:

For Appellant                          For Appellee

TERRY LEE KROFFT, JR., Pro Se          GREGORY A. STARCHER
Pro Se                                 1830 East Pike
7265 Dresden Adamsville Road           Post Office Box 9
Adamsville, Ohio  43802-9701           Zanesville, Ohio  43702-0009

*Wise, P. J.*

**{¶1}** Appellant Terry Lee Krofft, Jr. appeals the March 10, 2011, Magistrate's Decision regarding child support entered in the Muskingum County Court of Common Pleas.

**{¶2}** Appellee is the State of Ohio, Muskingum County Job & Family Services, Child Support Division.

**{¶3}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE CASE AND FACTS

**{¶6}** On July 23, 2005, Appellant-father Terry Lee Krofft, Jr. and mother Marlayna Krofft were married. Prior to their marriage, the couple had a child, Terry Krofft, III. born December 23, 2003. Paternity was established on April 6, 2004, through genetic testing which indicated a 99.99% probability of paternity.

**{¶7}** The parties separated in November, 2010, and are living separate and apart, but neither has filed an action to terminate the marriage. This is not the first time the parties have separated. During a previous separation, the mother obtained cash

assistance through Ohio Works First (OWF) and a medical card from the Human Services Division of Muskingum County Job & Family Services. At that time, mother assigned her right to child support and cash medical support to the State of Ohio.

{¶8} On March 23, 2010, a Complaint to Establish Child Support and Health Care Insurance was filed in the Muskingum County Domestic Relations Court.

{¶9} On April 27, 2010, an oral hearing was held in this matter.

{¶10} At said hearing, the trial court found that Appellant had suffered a back injury, had applied for Social Security Disability, that his home was in foreclosure, that he had two other children, and that he had no medical insurance coverage.

{¶11} By a Magistrate's Decision dated March 23, 2010, the Magistrate ordered Appellant to pay ten dollars ($10.00) per month for current child support when health care insurance was being provided and ten dollars ($10.00) per month for current child support plus zero dollars ($0.00) per month for cash medical support when private health care insurance was not being provided for the child.

{¶12} On May 4, 2010, the Magistrate's Decision was adopted by the trial court and was filed. No objections were filed to the Magistrate's Decision.

{¶13} The above order was terminated effective September 23, 2010, when the Appellant and mother reconciled and resumed living together.

{¶14} In September, 2010, Appellant began receiving a Social Security Disability benefit in the amount of $1,038.00 per month. As of the date of this appeal, Appellant last received benefits in January, 2011.

{¶15} In November, 2010, the couple separated again.

{¶16} On December 21, 2010, another Complaint was filed to determine child support, health care insurance coverage an cash medical support due to the mother receiving OWF and health care coverage through Medicaid.

{¶17} On February 15, 2011, this matter came on for hearing before a magistrate.

{¶18} On March 10, 2011, the magistrate filed his decision, wherein he found that Marlayna Krofft was unemployed and had two other children who each receive a small monthly income from their deceased father's social security benefits. He further found, based on Appellant's testimony, that Appellant earned approximately $47,000.00 in 2010 working as a truck driver and that he had health insurance available to him through his employer. The Magistrate also found that Appellant had two other children under another child support order for which he gave Appellant a $4,536.00 credit on the guideline worksheet.

{¶19} No objections were filed to the Magistrate's Decision.

{¶20} Plaintiff-Appellant now appeals. Appellant, however, fails to raise any assignments of error, and, instead stating

{¶21} "I Feel That There Was Some Error,s  [sic] Made In My Case so I Am Asking That This court Look Over the MAGISTRATE,S [sic] DECISION."

{¶22} Appellant had also failed to file a transcript to support any argument he makes in his one page "brief".

{¶23} Appellant has further failed to comply with multiple parts of Appellate Rule 16. App. R. 16 provides, in pertinent part:

{¶24} "(A) Brief of the appellant

**{¶25}** "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

**{¶26}** "(1) A table of contents, with page references.

**{¶27}** "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

**{¶28}** "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

**{¶29}** "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

**{¶30}** "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

**{¶31}** "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

**{¶32}** "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶33}** "(8) A conclusion briefly stating the precise relief sought.

**{¶34}** " * * *

**{¶35}** "(D) References in briefs to the record

**{¶36}** "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p.

231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected."

{¶37} Moreover, the Ohio Supreme Court has stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 284, "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶38} Appellant herein has failed to meet any of these requirements when filing his brief.

{¶39} Appellant failed to meet his burden by filing a transcript of the proceedings, and as such, there is a very limited record from which this Court can discern what occurred in these proceedings.

{¶40} Even without a transcript, Appellant had other avenues by which he could have supplemented the record with a recollection of the trial. Namely, "App.R. 9(C) permits an appellant to submit a narrative transcript of the proceedings when a verbatim

transcript is unavailable, subject to objections from the appellee and approval from the trial court. App.R. 9(D) authorizes parties to submit an agreed statement of the case in lieu of the record. There is nothing in the record indicating that plaintiffs even attempted to avail themselves of these alternatives." *Knapp,* supra, at 200.

**{¶41}** Moreover, this Court has previously held that "[f]actual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *State v. Lewis,* 5th Dist. No.2006–CA–00066, ¶ 7, citing *Akro–Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249.

**{¶42}** For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

                                                      JUDGES

JWW/d 0601

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


TERRY LEE KROFFT, JR.                        :
                                             :
    Plaintiff-Appellant                      :
                                             :
-vs-                                         :                    JUDGMENT ENTRY
                                             :
STATE OF OHIO, MUSKINGUM                      :
COUNTY JOB & FAMILY SERVICES,                :
CHILD SUPPORT DIVISION                       :
                                             :
    Defendant-Appellee                       :                    Case No. CT2011-0011



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


                              _____


                              _____


                              _____

                                          JUDGES