DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Jacqueline Hauck appeals the decision of the Municipal Court of Chillicothe adopting the Magistrate's Decision granting Dale Rinehart ("Appellee") damages in the amount of $1,211.00 plus interest from the date of judgment and costs based on Appellant's breach of a property lease between the two. Appellant argues that the Magistrate's findings of fact and conclusions of law were against the manifest weight of the evidence and were not legally sufficient. However, because Appellant did not provide a copy of the transcript on appeal, we must necessarily presume the validity of the proceedings below. Therefore, we affirm the judgment of the trial court.
 {¶ 2} The below case involves a lease agreement covering real property between Appellee and Appellant. The lease term was for one year, to run from October 1, 2004, through October 1, 2005. In late March, 2005, Appellant vacated the property and ceased making rent payments to Appellee. On May 16, 2005, Appellee filed a claim in the Small Claims Division of the Municipal Court of Chillicothe, requesting a judgment of $2,900.00 plus interest from April 2005 for rent proceeds lost due to Appellant's violation of the lease provisions. A hearing was held in front of a Magistrate on June 16, 2005. Both parties were present and presented evidence. On June 27, 2005, the Magistrate's Decision was filed and it awarded Appellee $1,211.00 plus interest from the date of judgment and costs.
 {¶ 3} On July 6, 2005, Appellant filed an objection to the Magistrate's Decision. On July 9, 2005, the Municipal Court of Chillicothe issued a Judgment Entry adopting the Magistrate's Decision. Appellant filed a Notice of Appeal on August 18, 2005, confirming her intention of appealing to this court. On August 22, 2005, Appellant filed her brief, accompanied by a number of other documents; she did not, however, supply this court with a transcript of the lower proceedings. Appellant now appeals the decision of the trial court, alleging that the Magistrate's findings were not supported by the manifest weight of the evidence, and that the Magistrate's findings were not legally sufficient.
 {¶ 4} Appellant's failure to provide a transcript on appeal is fatal to her case. "The duty to provide a transcript for appellate review falls upon the appellant." Knapp v. EdwardsLaboratories, 61 Ohio St.2d 197, 199, 400 N.E.2d 384. This is necessarily so because "an appellant bears the burden of showing error by reference to matters in the record." Id., citing Statev. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. App.R. 9(B) provides, in pertinent part, that
"* * * the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk."
 {¶ 5} When portions of the record necessary for the determination of an assigned error are absent, the reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's proceedings and affirm. LincolnSavings Loan Ass'n v. Damron, Lawrence App. No. 02CA4, 2003-Ohio-2596, at ¶ 27, citing Metzger v. Metzger (Aug. 21, 1989), Crawford App. No. 3-87-39, 1989 WL 94813; see also,Knapp, supra, at 199. In light of this rule and since Appellant did not provide a copy of the transcript on appeal, we must presume the validity of the lower proceedings.
 {¶ 6} Therefore, because the factual determinations and conclusions of law decided below are presumed correct, we have no basis for entertaining Appellant's argument that said findings were not supported by the evidence. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Kline, J.: Concur in Judgment Only.