OPINION
{¶ 1} Appellant Adam Douglas Boylen appeals the April 27, 2006, denial of his second Motion to Withdraw his Guilty Plea.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 1} On June 11, 1999, the Stark County Grand Jury indicted appellant, Adam Boylen, on twelve counts of aggravated robbery in violation of R.C. 2911.01 (Case No. 1999CR0683). On July 6, 1999, the Stark County Grand Jury issued a second indictment against appellant, charging him with five additional counts of aggravated robbery and one count of grand theft of a motor vehicle in violation of R.C. 2913.02 (Case No. 1999CR0712). Said charges arose from incidents over a three week period, from May 13, 1999 to June 2, 1999, involving commercial establishments i.e., convenience stores, gas stations, dry cleaners, sub shops.
 {¶ 2} On August 19, 1999, appellant pled guilty as charged. By judgment entries filed August 20, 1999, the trial court sentenced appellant to thirty-two years in Case No. 1999CR0683 and eighteen years and five months in Case No. 1999CR0712 for a total aggregate term of fifty years and five months in prison.
 {¶ 3} Appellant appealed his sentences. This court affirmed. See, State v. Boylen (November 13, 2000), Stark App. No. 1999CA00278.
 {¶ 4} On October 13, 2001, appellant filed a motion to withdraw his guilty pleas. The motion was denied and appellant appealed. This court vacated the denial and remanded the matter to the trial court for evidentiary hearing. See, State v.Boylen, Startk App. No. 2002CA00179, 2002-Ohio-6983.
 {¶ 5} An evidentiary hearing was held on July 24, 2003. By agreement of the parties, appellant withdrew his guilty pleas and entered into a negotiated plea agreement. By judgment entries filed July 29, 2003, the trial court sentenced appellant to thirteen years in prison.
 {¶ 6} Appellant filed another appeal arguing that the trial court erred in sentencing. This court affirmed. See, State v.Boylen (March 15, 2004), Stark App. No. 2003CA00304, 2003CA00305.
 {¶ 3} On April 10, 2006, Appellant filed a second motion for leave to withdraw his guilty plea.
 {¶ 4} By Judgment Entry docketed April 27, 1006, the trial court denied Appellant's motion finding that the issues raised in such motion were res judicata.
 {¶ 5} It is from the denial of said motion that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 6} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY A SUMMARY DENIAL OF THE MOTION TO WITHDRAW GUILTY PLEAS WITHOUT HOLDING AN EVIDENTIARY HEARING OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS AND FACTS OUTSIDE THE RECORD."
 I. {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in denying his motion for leave to withdraw his guilty plea without an evidentiary hearing. We disagree.
 {¶ 8} Upon review, we find that Appellant failed to timely file a transcript of the plea proceedings and the trial court record. Said transcript was filed late with no request for extension.
 {¶ 9} Because appellant's appeal challenges his sentence, a transcript of the sentencing hearing is necessary. Further, appellant challenges the trial court's general construction of events as they pertain to his sentence and sets forth accusations regarding the trial court's impartiality. Thus, the trial transcript is also necessary for a thorough review of the appellant's contentions.
 {¶ 10} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs
(1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 11} This principle is embodied in App.R. 9(B), which states in relevant part:
 {¶ 12} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B); see, also, Streetsborov. Hughes (July 31, 1987), 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, at 2.
 {¶ 13} Under the circumstances, a transcript of the proceedings is necessary for a complete review of the errors assigned in appellant's brief. As appellant has failed to provide this court with transcript, we must presume regularity of the proceedings below and affirm.
 {¶ 14} We further find that Appellant's claims are res judicata as they have been previously appealed and determined by this Court.
 {¶ 15} Appellant's assignment of error is overruled.
 {¶ 16} The judgment in this case is affirmed.
Boggins, J. Farmer, P.J and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.