OPINION *Page 2 
{¶ 1} Plaintiff-appellant Isaac Stengel appeals the September 1, 2006 Judgment Entry Granting Defendant's Motion for Summary Judgment and the September 13, 2006 Judgment Entry denying relief from judgment, both entered by the Stark County Court of Common Pleas. Defendant-appellee is Bradford Black.
 {¶ 2} Appellant appears before this Court pro se as he did before the trial court. The "brief" appellant submitted to this Court fails to conform to the requirements of App. R. 16(A) in numerous ways. It fails to provide a table of contents, a table of cases and, most notably, a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected. Such non-compliance is sufficient reason for this Court to strike appellant's brief and dismiss this appeal for want of prosecution. However, we elect not to do so.
 STATEMENT OF THE CASE AND FACTS[1] {¶ 3} Appellant filed his complaint against appellee, alleging Other Tort, Unjust Enrichment, Conversion and No Good Title on December 29, 2005, in the Columbiana County Court of Common Pleas. The essence of the complaint alleged appellee has improperly retained a diamond owned by appellant which he (appellant) delivered to one David Rosental, as agent for appellee. Appellee answered appellant's complaint, asserting he paid Rosental for a diamond which proved to be of unsatisfactory quality and obtained a judgment against Rosental in the amount of $63,617. Appellee claims lack of knowledge whether the diamond he purchased from Rosental is, in fact, the *Page 3 
same diamond appellant delivered to Rosental. In addition, appellee proffered twelve affirmative defenses.
 {¶ 4} Via Judgment Entry filed March 16, 2006, the Columbiana County Court of Common Pleas transferred the case to the Stark County Court of Common Pleas based upon appellee's Motion for a Change of Venue.
 {¶ 5} On August 4, 2006, appellee filed a Motion for Summary Judgment supported by accompanying memorandum, affidavit of appellee and exhibits. On August 8, 2006, via Assignment Notice, the trial court, notified appellant of a "NON-ORAL SUMMARY JUDGMENT HEARING ONDEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO BE HELD ON SEPTEMBER 1, 2006AT 9:00AM. RESPONSIVE BRIEF DUE ON OR BEFORE: AUGUST 21, 2006. REPLYBRIEF DUE ON OR BEFORE; AUGUST 31, 2006." The notice further advised the hearing was non-oral, neither party's presence was required, and the trial court would rule upon the briefs properly filed.
 {¶ 6} Appellant failed to file a responsive brief on or before the due date of August 21, 2006. However, the trial court became aware of a faxed letter from appellant on August 16, 2006, requesting an additional 10 days to respond to appellee's motion for summary judgment. The fax was not filed as a motion. It was addressed to Ryan W. Reaves, Administrative Assistant to the court. The letter was filed with the clerk by the trial court on August 30, 2006. Despite the lack of a properly filed motion, the trial court gratuitously granted appellant's request for an additional ten days to file a response, but appellant failed to timely do so. Thereafter, the trial court filed its Judgment Entry Granting Defendant's Motion for Summary Judgment on September 1, *Page 4 
2006. Notice of that judgment dated September 5, 2006, was sent by the clerk to appellant.
 {¶ 7} On September 6, 2006, appellant filed his Affidavit in Opposition to Motion for Summary Judgment to Dismiss and in Support of Cross Motion for Summary Judgment by Plaintiff pro se. Thereafter, appellant sent a letter dated September 8, 2006, to the trial court. The trial court again filed this correspondence with the clerk on September 12, 2006. In the letter, appellant acknowledged receipt of the trial court's September 1, 2006 entry, and requested the trial court treat this "informal correspondence" as a motion to vacate its order. The trial court again gratuitously treated appellant's letter as a properly filed motion for relief from judgment, but denied the same via Judgment Entry filed September 13, 2006. On October 11, 2006, appellant filed his notice of appeal, identifying the trial court's dismissal of the complaint entered as of right on September 7 [sic], 2006, and the denial of rehearing [motion to vacate] entered on September 13, 2006. Appellant's docketing statement identified the date of the judgment being appealed as 09/01/2006, and attached a copy of the trial court's September 13, 2006 entry as well as a portion of the September 1, 2006 entry.
 {¶ 8} Appellant failed to timely appeal the trial court's September 1, 2006 entry. A motion for relief from judgment is not a substitute for a timely filed notice of appeal. Accordingly, we dismiss appellant's appeal of the trial court's September 1, 2006 judgment entry for want of jurisdiction.
 {¶ 9} As to the trial court's September 13, 2006 entry, we find the trial court did not abuse its discretion in denying appellant's "informal" motion for relief from judgment. On several occasions, the trial court filed letters with the clerk which appellant failed to *Page 5 
do himself. On two occasions, the trial court gratuitously treated letters from appellant as properly filed motions. And, despite adequate notice and the trial court's granting appellant the additional time he requested to respond to appellee's summary judgment motion, appellant still failed to timely respond. The trial court did not abuse its discretion in denying appellant relief from judgment as no excusable neglect exists. Pro se status cannot be used as a shield to circumvent the rules of procedure or orders of the court. Appellant had ample opportunity to present the merits of his dispute. His failure to timely do so renders him the architect of his own demise.
 {¶ 10} The trial court's September 13, 2006 judgment entry is affirmed.
 Hoffman, J., Gwin, P.J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's appeal of the September 1, 2006 judgment entry of the Stark County Court of Common Pleas is dismissed. The court's September 13, 2006 judgment entry is affirmed. Costs assessed to appellant.
[1] A full rendition of the facts is unnecessary for our resolution of this appeal. *Page 1