OPINION *Page 2 
{¶ 1} Defendants-Appellants, Gary and Keri Hammond, appeal the November 27, 2007 judgment entry of the Perry County Court, which granted the Complaint in Forcible Entry and Detainer filed by Plaintiff-Appellee, RLJ Management. The facts giving rise to this case are as follows.
 {¶ 2} On October 26, 2007, Appellee filed a Complaint in Forcible Entry and Detainer for Money in the Perry County Court, alleging non-payment of rent. A hearing was held on November 27, 2007, at which the trial court granted Appellee's Complaint and ordered Appellants to vacate the premises within ten days.
 {¶ 3} It is from this judgment entry Appellants now appeal.
 {¶ 4} Appellants appear before this Court pro se. The "brief" Appellants submitted to this Court fails to conform to the requirements of App. R. 16(A) in numerous ways. It fails to provide a table of contents, a table of cases and a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected. Non-compliance with the requirements of App. R. 16 is sufficient for this Court to strike Appellants' brief and dismiss their appeal for want of prosecution. Stengel v. Black, 5th Dist. No. 2006CA00288, 2007-Ohio-1828, ¶ 2.
 {¶ 5} Notwithstanding the state of Appellants' brief, we did review the record in this matter and find that Appellants did not provide this Court with a transcript of the trial court hearing held on November 27, 2007.
 {¶ 6} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Such is necessary because Appellants shoulder the burden of demonstrating error by *Page 3 
reference to matters within the record. See, State v. Skaggs (1978),53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 7} This principle is embodied in App. R. 9(B), which states in relevant part:
 {¶ 8} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App. R. 9(B); see, also, Streetsboro v. Hughes (July 31, 1987), 11th Dist. No. 1741.
 {¶ 9} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As Appellants cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway (Feb. 1, 1999), 5th Dist. No. 1998CA00147, citing Knapp, supra.
 {¶ 10} Appellants argue the trial court erred in rendering its decision to grant Appellee's Complaint in Forcible Entry and Detainer. Without the transcript of the proceeding, Appellants cannot demonstrate those errors. We must presume regularity of the proceedings below. *Page 4 
 {¶ 11} Accordingly, we affirm the decision of the Perry County Court.
 By: Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court is affirmed. Costs assessed to appellants. *Page 1