OPINION *Page 2 
{¶ 1} On January 12, 1976, Lillian Toney executed a mortgage deed on her property evidencing an obligation due to her ex-husband in the amount of $2,550.00. The amount accrued interest at a rate of six percent, and was not due until the death of Ms. Toney or the sale of the property.
 {¶ 2} On July 22, 2004, appellant, Financial Freedom Senior Funding Corporation, entered into a Home Equity Conversion Loan Agreement and an Adjustable Rate Open-End Home Equity Conversion Mortgage with Ms. Toney. Appellant lent Ms. Toney some $29,660.29 on property worth around $41,500.00. Ms. Toney passed away and under the terms of the mortgage, her death was cause for acceleration of the note and mortgage.
 {¶ 3} On March 16, 2005, Ms. Toney's will was admitted into probate. Appellee, Mark R.D. Wise, was appointed executor of the estate. On October 18, 2005, appellee filed a complaint to sell the property at issue. The property was appraised at $41,500.00. A public auction was held on May 17, 2006. Appellant purchased the property for $27,677.00.
 {¶ 4} A hearing to determine lien priority was set for July 25, 2006. By judgment entry filed August 28, 2006, the trial court distributed the proceeds of the sale, with appellant receiving nothing.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "THE PROBATE COURT ERRED IN DISTRIBUTING $200.00 OF THE SALE PROCEEDS TO ALPHA LAND TITLE AS A CLOSING FEE PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 II {¶ 7} "THE PROBATE COURT ERRED IN DISTRIBUTING $55.00 OF THE SALE PROCEEDS TO TJL PEST CONTROL AS A PEST INSPECTION FEE PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 III {¶ 8} "THE PROBATE COURT ERRED IN DISTRIBUTING $2,500.00 OF THE SALE PROCEEDS TO ED FERNANDEZ AS AN AUCTION FEE PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 IV {¶ 9} "THE PROBATE COURT ERRED IN DISTRIBUTING $1,106.69 OF THE SALE PROCEEDS TO THE EXECUTOR PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 V {¶ 10} "THE PROBATE COURT ERRED IN DISTRIBUTING $2,410.43 OF THE SALE PROCEEDS TO THE EXECUTOR FOR EXPENSES NOT DIRECTLY RELATED *Page 4 
TO THE SALE OF THE HOUSE PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 VI {¶ 11} "THE PROBATE COURT ERRED IN DISTRIBUTING $1,600.00 TO THE EXECUTOR FOR PAYMENT TO HIM AND TWO OTHER INDIVIDUALS FOR LABOR PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 VII {¶ 12} "THE PROBATE COURT ERRED IN DISTRIBUTING $1,620.09 TO THE ESTATE'S LAW FIRM FOR VARIOUS FEES AND EXPENSES NOT DIRECTLY RELATED TO THE SALE PRIOR TO SATISFYING FINANCIAL FREEDOM SENIOR FUNDING CORPORATION'S MORTGAGE."
 VIII {¶ 13} "THE PROBATE COURT ERRED IN DISTRIBUTING $8,200.00 TO THE ESTATE'S LAW FIRM FOR FEES AS THESE FEES ARE NOT REASONABLE OR DIRECTLY RELATED TO THE SALE OF THE SUBJECT REAL ESTATE."
 {¶ 14} Prior to discussing appellant's assignments of error, it is necessary to determine the extent of our judicial review. This case involves a challenge to the trial court's distribution of the sale proceeds of the subject property, the sole asset of Ms. Toney's estate. The hearing for the allocation of the proceeds was set for July 25, 2006. See, Amended Hearing Notice filed June 20, 2006. There is no docket entry referring to a transcript of the hearing. A notice of filing filed October 18, 2006 notes, "* * * there is no transcript of the proceedings for any hearings held in the above *Page 5 
captioned case, and the entire record, including filing and exhibits, if any, have been transmitted * * *." The record does contain a "praecipe for transcript of proceedings," but the praecipe did not include an order of service to the court reporter. We note an App.R. 9(C) statement was not filed.
 {¶ 15} In addition, the docket does not contain a request for a recorded hearing pursuant to Loc.R. 11.1 of the Court of Common Pleas of Stark County, Probate Division, which states the following:
 {¶ 16} "All hearings before the Court, if requested, will be recorded by audio-electronic recording devices and a fee in the amount $5.00 will be charged and collected as costs in such case. If any other recording procedure is desired, it must be provided by the requesting party, who shall make the necessary arrangements including the payment of costs.The original audio electronic recording of the proceedings will not bemade available to the parties. All electronically recorded transcripts of proceedings and exhibits shall be maintained by the court for three (3) months from the date of the final appealable order in the case or final decision on appeal, whichever is later. Unless waived, a record in all jury trials will be taken by a court reporter. (Emphasissic.)
 {¶ 17} During oral arguments, both counsel agreed a hearing was held and testimony was taken.
 {¶ 18} In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, the Supreme Court of Ohio held the following:
 {¶ 19} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. SeeState v. Skaggs (1978), 53 Ohio St.2d 162. *Page 6 
This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 20} It is under this standard of review that we will consider the assignments of error.
 I, II, III {¶ 21} In these assignments, appellant challenges the trial court's determination on the distribution of the sale proceeds involving the costs of the sale: $200.00 for a closing fee, $55.00 for a pest inspection, and $2,500.00 for the auction fee for the public sale.
 {¶ 22} R.C. 2127.38 governs distribution of proceeds of sale and states the following:
 {¶ 23} "The sale price of real estate sold following an action by an executor, administrator, or guardian shall be applied and distributed as follows:
 {¶ 24} "(A) To discharge the costs and expenses of the sale, including reasonable fees to be fixed by the probate court for services performed by attorneys for the fiduciary in connection with the sale, and compensation, if any, to the fiduciary for his services in connection with the sale as the court may fix, which costs, expenses, *Page 7 
fees, and compensation shall be paid prior to any liens upon the real estate sold * * * and notwithstanding the purchase of the real estate by a lien holder;"
 {¶ 25} Appellant argues instead of a public auction sale, the executor should have used the more cost effective Sheriffs sale.
 {¶ 26} Appellant never objected to the method of sale until after the fact. Appellant cannot now complain of this method given its silence prior to the sale. Further, the $200.00 closing fee and the $55.00 pest inspection fee are clearly costs of the sale as provided for in R.C.2127.38.
 {¶ 27} Assignments of Error I, II, and III are denied.
 IV, V, VI {¶ 28} In these assignments, appellant challenges the $1,106.69 executor's fee, $2,410.43 in executor expenses not directly related to the sale, and $1,600.00 to the executor and two other individuals for labor in preparing the property for sale.
 {¶ 29} R.C. 2127.38 provides for a priority in the distribution of monies received from the sale of real estate as cited supra.
 {¶ 30} In its August 28, 2006 judgment entry, the trial court specifically found the aforementioned fees to be included in the costs of sale. In appellant's brief in opposition to the fees, appellant requested that the executor's fee of "$1,106.68" alone be allowed:
 {¶ 31} "Freedom requests that an order be issued by this Court that Wise is entitled to a distribution of sale proceeds in the amount of $1,106.68 and that Krugliak is entitled to a distribution of sale proceeds in the amount of $1,520.00." *Page 8 
 {¶ 32} We find appellant cannot now argue the $1,106.69 executor's fee. Further, without a transcript of the hearing, we must presume the $2,410.43 in executor expenses noted in the order as expenses incurred in the repair and maintenance of the property, garbage removal, utility bills, and renovation of the property, was established by the record. Lastly, the $1,600.00 amount was for labor expended to ready the property for sale.
 {¶ 33} Upon review, we find all of these fees clearly fall within the provision of R.C. 2127.38(A).
 {¶ 34} Assignments of Error IV, V, and VI are denied.
 VII, VIII {¶ 35} In these assignments, appellant challenges the award of attorney fees.
 {¶ 36} As noted by both parties, the sole asset of the estate save personal effects was the subject property. Therefore, the entire administration of the estate as evidenced by the trial court's docket involved the mortgages, appraisal, sale, and distribution of the proceeds.
 {¶ 37} We fail to find any errors in the trial court's assessment of attorney fees.
 {¶ 38} Assignments of Error VII and VIII are denied. *Page 9 
 {¶ 39} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division, is hereby affirmed. By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 1