OPINION *Page 2 
{¶ 1} On December 9, 2006, appellant, Louis Jackson, was cited for driving under the influence of alcohol in violation of R.C.4511.19(A)(1)(a). At the time of his arrest, appellant refused to take a breath test. As a result, his driver's license was administratively suspended for one year.
 {¶ 2} On December 15, 2006, appellant filed an appeal of his administrative license suspension with the Massillon Municipal Court. A hearing on the appeal and a jury trial on the driving under the influence charge were held on February 15, 2006. The jury found appellant not guilty of driving under the influence. By entry and order filed February 15, 2006, the trial court denied appellant's appeal, finding he was properly stopped and arrested for driving under the influence, and he refused to take the breath test.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "DENIAL OF APPELLANT JACKSON'S APPEAL OF ADMINISTRATIVE LICENSE SUSPENSION, FOLLOWING ACQUITTAL AT TRIAL VIOLATED THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, S. 16 OF THE OHIO CONSTITUTION."
 I {¶ 5} Appellant claims the trial court erred in finding probable cause to support his arrest as it relates to his administrative license suspension. Specifically, appellant claims because he was found not guilty of driving under the influence, his administrative *Page 3 
license suspension was unconstitutional and unsupported by probable cause. We disagree.
 {¶ 6} We note a transcript of the administrative license suspension appeal hearing before the trial court has not been provided. Instead, appellant predicates his argument on the proposition that a not guilty verdict establishes there was no probable cause for the administrative license suspension.
 {¶ 7} Appellant's driver's license was suspended pursuant to R.C.4511.191(B) because he refused to take a breath test. R.C. 4511.197
governs appeal of suspension. Subsection (D) states the following in pertinent part:
 {¶ 8} "If the suspension was imposed under division (B)(1) of section4511.191 of the Revised Code and it is continued under this section,any subsequent finding that the person is not guilty of the charge thatresulted in the person being requested to take the chemical test ortests under division (A) of section 4511.191 of the Revised Code doesnot terminate or otherwise affect the suspension." (Emphasis added.)
 {¶ 9} As is patently obvious from a clear reading of the statute, the purpose of the above cited provision is to put consequences in the Ohio Implied Consent statute.
 {¶ 10} We are unable to determine, without a transcript of the administrative license suspension appeal hearing before the trial court, whether probable cause existed. In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 11} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing *Page 4 
error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 12} Probable cause is distinguishable from a "not guilty by reasonable doubt" verdict. In fact, probable cause may exist, but a conviction may not be possible. Probable cause to arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 13} R.C. 2901.05(D) governs "reasonable doubt" and states the following:
 {¶ 14} "`Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or *Page 5 
depending on moral evidence is open to some possible or imaginary doubt. `Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."
 {¶ 15} Therefore, a finding of not guilty does not equate to a lack of probable cause.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed. *Page 1