[Cite as *Schmidt v. Schmidt*, 2011-Ohio-296.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JANELLE SCHMIDT | JUDGES:<br>Hon. Julie A. Edwards, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2010CA00115 |
| BRIAN SCHMIDT | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:  Stark County Court of Common Pleas, Domestic Relations Court Case No. 2000DR1924

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  January 24, 2011

APPEARANCES:

For Defendant-Appellant  For Stark County Child Support
Enforcement Agency

BRIAN SCHMIDT  KIMBERLY R. HOPWOOD
74 Rolling Acres Circle East  110 Central Plaza Sourth
Massillon, Ohio 44647  P.O. Box 21337
  Canton, Ohio 44701

For Plaintiff-Appellee

JANELLE SCHMIDT
1219 Suffield Cr. N.W.
Canton, Ohio 44708

*Hoffman, J.*

**{¶1}** Defendant-appellant Brian E. Schmidt ("Husband") appeals the April 12, 2010 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which overruled his objection to the magistrate's November 12, 2009 decision, and approved and adopted said decision as order of the Court. Plaintiff-appellee is Janelle R. Schmidt ("Wife").

STATEMENT OF THE FACTS AND CASE

**{¶2}** Husband and Wife were married on February 15, 1992. On December 8, 2000, Wife filed a Complaint for Divorce in the Stark County Court of Common Pleas, Family Court Division. Husband filed a timely answer and counterclaim. The trial court ordered Husband to pay monthly child support in the amount of $225.00 for three children. The trial court stayed the matter as a result of Wife's filing for bankruptcy. On May 20, 2002, Wife filed a Notice of Discharge from Bankruptcy. Throughout the proceedings, Husband and Wife filed numerous motions to show cause. The trial court issued its Decree of Divorce on September 3, 2002.

**{¶3}** On December 31, 2002, Stark County Child Support Enforcement Agency ("CSEA") filed a Notice to the Court of Review of the Child Support Order. The trial court ordered Husband to seek employment on February 18, 2003. The trial court modified Husband's child support obligation to $109.04/child/month on October 1, 2003. Husband's parental rights and responsibilities with respect to Husband and Wife's oldest child were terminated on February 15, 2005. The trial court modified Husband's child support obligation to $194.04/child/month for the parties' two other children. The

trial court modified Husband's child support obligation again on October 18, 2005, ordering Husband to pay $128.76/child/month for two children.

{¶4} On December 10, 2007, the trial court found Husband guilty of contempt for failing to pay his child support obligation. Husband subsequently requested an administrative hearing, which was conducted on September 15, 2009. The hearing officer issued findings, and recommended Husband pay $656.49/month as child support for two children if private health insurance was provided, or $485.27/month as child support for two children plus $139.17/month for cash medical support if private health insurance was no longer provided.

{¶5} On September 30, 2009, Husband filed objections to the administrative findings. The magistrate overruled the objections on October 28, 2009. The Magistrate found the parties had verified as correct their respective incomes on the CSEA guideline worksheet. The magistrate also found the worksheet had been completed correctly by CSEA. Husband filed objections to the magistrate's decision on November 12, 2009. Husband also filed a Motion for Full Discovery, requesting proof of Wife's household expenses with receipts, as well as statements from all bank, checking, savings, IRA, 401K, stock, bond, and annuity accounts. CSEA provided Husband with all documents used during the administrative review process and Wife's 2009 tax returns. Husband did not provide the trial court with a transcript of the magistrate's hearing or an affidavit of the evidence. The trial court conducted a hearing on the objections on April 12, 2010. Via Judgment Entry filed the same day, the trial court overruled Husband's objections to the magistrate's decision, and approved and adopted said decision as order of the court.

{¶6} It is from this judgment entry Husband appeals, raising the following assignments of error:

{¶7} "I. THE LOWER COURT COMMITTED A REVERSIBLE [SIC] ERROR WHEN IT DID NOT ORDER CSEA TO RECHECK THE FIGURES FURNISHED AND RECALCULATE BASED ON TRUE FIGURES.

{¶8} "II. THE LOWER COURT COMMITTED A REVISABLE [SIC] ERROR WHEN IT DID NOT EXAMINE AN UPDATE ACCOUNTING OF THE FIGURES BASED ON THE OBJECTION TO MAGISTRATE DECISION.

{¶9} "III. THE LOWER COURT COMMITTED AN IRREVERSIBLE [SIC] ERROR WHEN IT DID NOTE [SIC] HAVE A TAPED RECORDING OF THE MAGISTRATES HEARING OF OCTOBER 28TH, 2009, FOR TRANSCRIPTS.

{¶10} "IV. THE LOWER COURT COMMITTED AN IRREVERSIBLE [SIC] ERROR WHEN IT ALLOWED THE STARK COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S ATTORNEY KIMBERLY R. HOPWOOD TO ACT AS PLAINTIFF JANELLE SCHMIDT'S ATTORNEY.

{¶11} "V. THE LOWER COURT COMMITTED AN IRREVERSIBLE [SIC] ERROR WHEN IT ALLOWED THE STARK COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S ATTORNEY KIMBERLY R. HOPWOOD TAKE CONTROL OF THE COURT HEARING AND NOT OFFER TESTIMONY FROM MISS CHAVERS THE CSEA CASEWORKER IN CHARGE OF THIS CASE AS TO HOW THE STATES [SIC] DATA WAS COLLECTION [SIC] AND EXACTLY HOW THE SUPPORT WAS CALCULATED."

{¶12} We begin by noting Husband has failed to comply with App. R. 16.

**{¶13}** App. R. 16(A) provides:

**{¶14}** "The appellant shall include in its brief, under the headings and in the order indicated, *all* of the following:

**{¶15}** "(1) A table of contents, with page references.

**{¶16}** "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

**{¶17}** "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

**{¶18}** "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

**{¶19}** "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

**{¶20}** "(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *

**{¶21}** "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶22}** "(8) A conclusion briefly stating the precise relief sought."

**{¶23}** Husband's brief does not satisfy the requirements of App. R. 16(A); therefore, is noncompliant. Absent minimal compliance with App. R. 16(A), this Court cannot reasonably respond to Husband's claims, and may, in its discretion, disregard those claims. See, *Foster v. Board of Elections* (1977), 53 Ohio App.2d 213, 228, 373

N.E.2d 1274. Such deficiencies are tantamount to failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss an appeal for failure to file a brief, we elect not to do so.

**{¶24}** Before addressing the merits of Husband's assignments of error, we must discuss the state of the record before this Court.

**{¶25}** Husband failed to provide the trial court with a transcript of the proceedings before the magistrate or an affidavit of the evidence AS REQUIRED BY Civ. R.53(D)(3).

**{¶26}** Civ. R. 53(D)(3) provides, in relevant part:

**{¶27}** "(b) *Objections to magistrate's decision.*

*{¶28}* "* * *

**{¶29}** *"(ii) Specificity of objection.* An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

**{¶30}** *"(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

**{¶31}** *"(iv) Waiver of right to assign adoption by court as error on appeal*. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶32}** We further note Husband failed to provide a transcript or affidavit to this Court.

**{¶33}** On review, we find the rationale often relied upon in *Knapp v. Edwards Labs.* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, applies in the within case. The duty to provide the transcript of the proceedings before the magistrate fell upon Husband as he had the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *State v. Neal,* December 19, 2005, Delaware App. No.2005CAA02006. We believe this same rationale applies when a trial court reviews a magistrate's decision where the objector fails to produce the entire transcript for the trial court.

**{¶34}** Because the record lacks a transcript of the magistrate's hearing, we must presume the validity of the lower court's proceedings and affirm.

{¶35}  Husband's five assignments of error are overruled.

By: Hoffman, J.

Edwards, P.J.  and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JANELLE SCHMIDT                          :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
BRIAN SCHMIDT                            :
                                         :
    Defendant-Appellant              :          Case No. 2010CA00115


For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas, Family Court Division, is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN