[Cite as *State v. Turner*, 2011-Ohio-4522.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | |
| | : | |
| TIMOTHY TURNER | : | |
| | : | |
| Defendant-Appellant | : | |

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.


Case No. 11-COA-006

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Municipal Court, Case No. 10CRB01153 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 1, 2011 |

APPEARANCES:

For Plaintiff-Appellee

W. DAVID MONTAGUE
1213 East Main Street
Ashland, OH  44805

For Defendant-Appellant

TIMOTHY TURNER, PRO SE
1454 Galaxy Drive
Mansfield, OH  44903

*Farmer, J.*

{¶1}   On October 20, 2010, a complaint was filed against appellant, Timothy Turner, alleging one count of menacing in violation of R.C. 2903.22 and one count of disorderly conduct in violation of R.C. 2917.11.  On October 22, 2010, appellant pled not guilty.

{¶2}   On January 11, 2011, the state filed an amended complaint, reducing the menacing count to attempted menacing.  On same date, appellant pled no contest to the charges.  The trial court found appellant guilty and ordered him to pay an aggregate fine of $300.00 plus court costs.  A final judgment order was filed on February 18, 2011.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "AS A MATTER OF LAW, THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY ASSUMING JURISDICTION OVER A COMPLAINT WHICH WAS NOT PROPERLY EXECUTED."

II

{¶5}   "AS A MATTER OF LAW, THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY ACCEPTING THE PLEA OF NO-CONTEST WITHOUT THE DEFENDANT UNDERSTANDING THE CHARGES AGAINST HIM."

III

**{¶6}** "AS A MATTER OF LAW, THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY ACCEPTING THE PLEA OF NO-CONTEST WHEN THE AMENDED COMPLAINT WAS NOT FILED UNTIL AFTER A FINAL JUDGMENT HAD BEEN RENDERED."

IV

**{¶7}** "AS A MATTER OF LAW, THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY CONVICTING HIM AND SENTENCING HIM ON A NO-CONTEST PLEA SINCE THE STATEMENT AND EXPLANATION OF FACTS AND CIRCUMSTANCES PRESENTED BY THE PROSECUTION WERE INSUFFICIENT TO MEET ALL THE ELEMENTS OF THE CHARGED CRIMES."

I, III

**{¶8}** Under these assignments of error, appellant challenges the trial court's jurisdiction to accept his no contest plea to the reduced charge of attempted menacing. Appellant claims the amended complaint was not filed prior to entering his plea and was not properly executed. We disagree.

**{¶9}** Because a transcript was not filed, we are left to address these jurisdictional challenges via the trial court's journalized entries. In a judgment order filed February 18, 2011, the trial court memorialized the reduced charge as follows:

**{¶10}** "WHEREAS, on January 11, 2011, an amended complaint was filed by the Assistant Law Director to amend the charge of Menacing to Attempted Menacing, and the Defendant entered a plea of No Contest to the amended complaint."

**{¶11}** Upon review, we find this judgment order sufficiently established the trial court's jurisdiction.

**{¶12}** Assignments of Error I and III are denied.

II, IV

**{¶13}** Under these assignments of error, appellant challenges the sufficiency of the facts given his no contest plea, and the trial court's failure to determine that the plea was knowingly and intelligently entered. Appellant claims he did not understand the amended charge, and the facts presented by the prosecutor did not establish or support a conviction. We disagree.

**{¶14}** As we noted in the previous assignments of error, a transcript was not filed. In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:

**{¶15}** "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)

**{¶16}** The result of the failure to file a transcript is that we are left with the presumption of regularity and the trial court's judgment order which included the following statements:

**{¶17}** "WHEREAS, on January 11, 2011, the Defendant with counsel present stated that he was freely and voluntarily withdrawing his plea of Not Guilty and entering a plea of No Contest to the charge of Disorderly Conduct in violation of O.R.C. 2917.11A1.

**{¶18}** "Thereupon, the Court Granted permission to the Defendant to withdraw his former plea of Not Guilty and accepted a plea of No Contest.

**{¶19}** "The Court made its FINDINGS, to wit:

**{¶20}** "Based on the facts stated in the complaint and on the State's explanation of the circumstances existing at the time of the violation the Court found the Defendant Guilty to the above aforesaid charge in violation of O.R.C. 2903.22A and Guilty to the above aforesaid charge in violation of O.R.C. 2917.11A1. Counsel for Defendant having been given an opportunity to speak on behalf of Defendant, and Defendant having personally been given the opportunity to make a statement in his own behalf and present information in mitigation and no good and sufficient cause being shown to mitigate punishment and nothing said by Defendant as to why sentence should not be imposed, SENTENCE AND JUDGMENT WAS PRONOUNCED AS FOLLOWS:

**{¶21}** "For the above state offense in violation of O.R.C. 2903.22A, the Defendant was sentenced to pay a fine of $150.00 plus court costs.

**{¶22}** "For the above stated offense in violation of O.R.C. 2917.11A1, the Defendant was sentenced to pay a fine of $150.00."

{¶23} Upon review, we find the trial court's judgment order established that sufficient facts were presented and appellant's plea was knowingly and intelligently entered into.

{¶24} Assignments of Error II and IV are denied.

{¶25} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 0802

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
     Plaintiff-Appellee                :
                                       :

-vs-                                    :          JUDGMENT ENTRY
                                        :
TIMOTHY TURNER                          :
                                        :
      Defendant-Appellant               :          CASE NO. 11-COA-006


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed.   Costs to appellant.


                              _s/ Sheila G. Farmer_____


                              _s/ W. Scott Gwin_____


                              _s/ Julie A. Edwards_____

                                        JUDGES