[Cite as *Brown v. Conley*, 2014-Ohio-585.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMY LYNN WALLACE BROWN | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH DEAN CONLEY | : | Case No. 13 CAF 11 0079 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 00 DR A 05-202


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    February 14, 2014


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

AMY LYNN WALLACE BROWN, Pro Se    RAYMOND J. MULARSKI
3615 Norwood Avenue                107 West Johnstown Road
Columbus, OH  43224                Gahanna, OH  43230

*Farmer, P.J.*

{¶1} On November 15, 2000, appellant, Amy Lynn Wallace Brown, and appellee, Joseph Dean Conley, were granted a divorce. The parties were subject to a joint plan for shared parenting for their two children, C.C. born July 31, 1995 and J.C. born May 25, 1999.

{¶2} On September 14, 2012, appellee filed a motion for contempt, listing seven issues. On January 18, 2013, appellant filed a motion to establish child support. Both motions were heard on July 2, 2013. By judgment entries filed October 17, 2013, the trial court found appellant in contempt on four of the issues and denied her motion to establish child support.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "CONTEMPT CHARGE 1: DENYING THE FATHER VISITATION WITH SAID CHILDREN IN 7/13/2012-10/29/2012."

II

{¶5} "CONTEMPT CHARGE 2: FAILED TO CONSULT ABOUT THE NEED FOR A PSYCHOLOGIST FOR THE OLDER CHILD."

III

{¶6} "CONTEMPT CHARGE 3: FAILED TO PROVIDE MEDICAL AND SCHOOL RECORDS FOR THE CHILDREN."

IV

{¶7} "CONTEMPT CHARGE 4: IMPROPERLY CLAIMING THE OLDER CHILD ON PLAINTIFF'S TAX RETURN."

V

{¶8} "MOTION TO ESTABLISH CHILD SUPPORT: THIS MOTION WAS BROUGHT TO THE COURTS FOR THE YOUNGER CHILD."

I, II, III, IV

{¶9} Under these assignments, appellant challenges the trial court's decision on four of the seven contempt issues raised by appellee. Appellant argues the decision is against the manifest weight of the evidence. We disagree.

{¶10} In its judgment entry filed October 17, 2013, the trial court found appellant in contempt of the shared parenting plan on four issues: 1) denying appellee his parenting times; 2) failing to inform appellee that a psychologist was treating the older child; 3) failing to provide medical and school records; and 4) claiming the older child as a dependent on her income tax return. The trial court sentenced appellant to an aggregate term of ten days in jail and imposed fines totaling $950.00, but granted her the ability to purge herself of the contempts by paying appellee's attorney fees within thirteen days ($2,600.00), paying the court costs within sixty days, and ensuring that appellee was permitted to rightfully claim the older child as a dependent on his 2011 tax return.

{¶11} We note appellant failed to present this court with the transcript of the hearing. In *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980), the Supreme Court of Ohio held the following:

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that "***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Footnote omitted.)

{¶12} The clerk of courts duly noted on the docket that no transcript was requested nor filed. It is clear from the trial court's judgment entry that the trial court found appellant's explanations to lack credibility:

The Plaintiff testified that with respect to the July 13th date, the Defendant appeared to pick up the children at 2PM but she informed him to come back at the designated time of 5PM. However, both the Defendant and the police officer testified that the incident occurred near 5PM (the officer also testified that he had not worked in the early

afternoon for years). Therefore, the Court finds that clear and convincing evidence was established that the incident occurred between 5 and 6PM. Therefore, Plaintiff's testimony is not credible.

Similarly, the Plaintiff asserts that on July 18th, she never refused the Defendant to pick up the children. She asserts that the Defendant simply never showed up. However, it was clear to the police officer who spoke to her that day that she had no intentions of allowing the Defendant to pick up the children and that was the reason he informed the Defendant that it was hopeless to try and just go home and seek court help.

{¶13} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶14} Given the lack of the transcript and the trial court's obvious decision that appellant's testimony was not credible, we find these assignments lack merit.

{¶15} Assignments of Error I, II, III, and IV are denied.

V

{¶16} Appellant claims the trial court failed to address the younger child in ruling on her motion to establish child support. We disagree.

{¶17} In its judgment entry filed October 17, 2013, the trial court determined the following:

The Court elects to deny the Plaintiff's motion to establish child support in this case. The evidence revealed that the Plaintiff initially applied for SSI for the older child without promptly informing the Defendant. Further, the Court finds the Plaintiff is voluntarily unemployed; is receiving the SSI payments for the older child and has been found to have denied the Defendant parenting time as required by the parties SPP.

It is difficult to accept Plaintiff's assertion that she has the children eighty percent of the time, even if uncontroverted, when it has been established that she actively denied the Defendant parenting time from July to October of 2012.

{¶18} We find this judgment entry encompasses both children, including the younger child.

{¶19} Given the lack of a transcript and the trial court's determination on credibility, we find the trial court did not err in denying appellant's motion to establish child support.

{¶20} Assignment of Error V is denied.

{¶21}  The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 2/03