[Cite as *State v. Karnofel*, 2018-Ohio-910.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0009** |
| DELORES KARNOFEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Girard Municipal Court, Case No. 2016 CRB 01103.

Judgment: Affirmed.

*Michael E. Bloom,* Girard City Prosecutor, Girard Municipal Court, 100 North Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Delores Karnofel,* pro se, 1528 Greenwood Avenue, Girard, OH 44420 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Delores Karnofel, appeals from the judgment of the Girard Municipal Court, convicting her of two counts of exterior property maintenance violations under the City of Girard Zoning Code. Appellant appears to argue the trial court erred in finding her guilty of the charges because her defense, that she has been actively attempting to ameliorate the conditions leading to the charges, was sufficient to overcome the evidence upon which the charges were premised. We affirm the trial court's judgment.

{¶2} On November 22, 2016, the city of Girard filed two complaints in the Girard Municipal Court; the first complaint alleged appellant violated Girard Residential Property Maintenance Code, Section 1323.10(b)(1), which prohibits a resident to "permit the exterior walls, doors, windows, porches, floors, steps, railings, trim, glass and/or screens to be in a state of disrepair [and] failing to restore said items to good condition." The second complaint alleged appellant violated Girard Residential Property Maintenance Code Section 1323.07(a), asserting appellant did "fail to maintain in good repair all dwelling structures and all exterior parts preventing these from performing the function for which such structure or part of any feature was designed or intended to be used." Both charges were misdemeanors of the fourth degree.

{¶3} On November 28, 2016, appellant filed a pro se "Answer and Motion to Dismiss." In the pleading, appellant asserted she was involved in civil litigation against contractors who allegedly failed to complete the work on her residence that led to the underlying charges. She therefore maintained, pursuant to Civ.R. 12(B)(6), the city of Girard failed to state a claim upon which relief could be granted. The trial court denied the motion and set a trial date for January 4, 2017.

{¶4} The matter proceeded to trial, after which the court found appellant guilty of the charges. Via a January 4, 2017 judgment, the trial court sentenced appellant to 30 days in the Trumbull County jail and a $250 fine. The court suspended 20 days of the sentence and $200 of the fine. Later, on May 11, 2017, after appellant, a vexatious litigator, sought and was granted leave to proceed on appeal, this court remanded the matter to the trial court to enter a nunc pro tunc entry to finalize its January 4, 2017

2

judgment, as required by Crim.R. 32(C).  On May 15, 2017, the trial court complied with the order.  On appeal, appellant assigns the following as error:

{¶5}    "The trial court abused its discretion when it found appellant guilty of two counts of exterior property maintenance – Girard Zoning Codes 1323.07(a) and 1323.10(b)(1)."

{¶6}    Preliminarily, appellant has failed to provide this court with a transcript of proceedings.  Her primary argument, in effect, challenges the weight of the evidence supporting the trial court's judgment.  That is, she asserts her defense, that she has been diligently attempting to obtain a contractor to fix the conditions at issue, but has been unsuccessful, served to overcome whatever evidence city of Girard advanced in support of its allegations.  In order to assess the evidence, a transcript of proceedings is necessary.

{¶7}    It is well settled that "[a]n appellant is required to provide a transcript for appellate review." *Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶4, citing *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). "Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record." *Warren, supra,* citing *State v. Skaggs,* 53 Ohio St.2d 162, 163 (1978). This court in *Clay* stated:

{¶8}    This principle is embodied in App.R. 9(B), which states in * * * part:

{¶9}    "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on

3

appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the [findings] or conclusion." *Clay* at ¶6, quoting App.R. 9(B).

{¶10} Without a transcript to evaluate the evidence the city submitted in support of the complaint, this court has nothing to pass upon. In short, appellant cannot demonstrate error and we have no choice but to presume validity of the trial court's judgment. *Clay*, *supra*, at ¶7.

{¶11} Notwithstanding the foregoing omission, appellant makes a legal argument challenging the trial court's decision to proceed with the underlying matter in light of her pending civil case. Appellant seems to allege the trial court should have stayed or dismissed the criminal matter because she had a pending civil lawsuit against the former contractor, who was allegedly negligent in attempting to repair her residence. We fail to see how appellant's civil case has any legal impact on the trial court's ability to proceed on the complaints filed by the city.

{¶12} The record discloses appellant moved to dismiss the complaints, pursuant to Civ.R. 12(B)(6), because of the pending civil case. Appellant offered no legal basis for her motion, she merely asserted the city of Girard's Zoning Department was "well aware" of the civil matter. It is unclear how appellant's private civil action against the contractor would have any impact on appellee's ability to move forward on the complaints. It is equally unclear why the municipal court would be precluded from adjudicating the merits of the complaints simply because appellant has a separate and substantively unrelated civil negligence case pending against an individual not a party to the criminal action. R.C. 1901.20(A)(1) provides: "[t]he municipal court has jurisdiction

4

to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory* * *." The instant matter involved violation of ordinances of the city of Girard, a municipal corporation. The alleged violations were misdemeanors of the fourth degree. We accordingly hold the municipal court did not err in proceeding on the complaints.

{¶13} Appellant's assignment of error lacks merit.

{¶14} For the reasons discussed in this opinion, the judgment of the Girard Municipal Court is affirmed.

THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.